788 P.2d 1212

Jeffrey Todd THOMSON,
Plaintiff/Petitioner/Appellant,

v.

Charles MILLER, ex rel., ARIZONA HIGHWAY DEPARTMENT and Motor Vehicle Division a/k/a Arizona Department of Transportation, Defendants/Respondents/Appellees.

No. 2 CA–CV 89–0067.

Court of Appeals of Arizona,
Division 2, Department B.

Oct. 26, 1989.

Reconsideration Denied Dec. 5, 1989.

Review Denied April 17, 1990.

---

Stephen Paul Barnard, Tucson, for plaintiff/petitioner/appellant.

Robert K. Corbin, Atty. Gen. by Janis M. Haug, Phoenix, for defendants/respondents/appellees.

## OPINION

LIVERMORE, Presiding Judge.

In September 1985, appellant Jeffrey Thomson was adjudicated delinquent for violating A.R.S. § 28–692(B). On May 17, 1987, he was convicted of violating A.R.S. § 28–692(A). Because of these convictions, his license was revoked under A.R.S. § 28–445. He brought a special action proceeding contending that he should have been accorded a hearing by the Department of Transportation before his license

was revoked and that it was improper to treat the juvenile adjudication as a conviction for purposes of revocation. The trial court dismissed the petition. We affirm.

A.R.S. § 28–445 makes license revocation mandatory where there have been two drunk driving convictions within 60 months. A.R.S. § 28–444 defines conviction to include a delinquency adjudication for drunk driving. Because appellant had an opportunity to be heard in the juvenile and criminal proceedings leading to the convictions, thus satisfying due process, no further hearing was necessary before revocation. *Campbell v. Superior Court,* 111 Ariz. 71, 523 P.2d 502 (1974).

Appellant next contends that because the procedural rights attending juvenile and criminal proceedings differ, a juvenile adjudication may not be treated as a conviction for purposes of revocation. We disagree. Juvenile proceedings accord due process by providing for a hearing to determine the operative facts. So long as those facts have been fairly determined, there is nothing to prevent the state from attaching consequences to them.

Affirmed.

FERNANDEZ, C.J., and HATHAWAY, J., concur.