971 P.2d 636

Christina and Scott LUCHANSKI, wife and husband, on their own behalf; and Christina Luchanski on behalf of her son Michael Adam, Plaintiffs–Appellants,

v.

Officer J.L. CONGROVE, ID # 4776 and Jane Doe Congrove, husband and wife; Arizona Department of Public Safety; and the State of Arizona, Defendants–Appellees.

No. 1 CA–CV 97–0475.

Court of Appeals of Arizona, Division 1, Department A.

Dec. 22, 1998.

Reconsideration Denied Jan. 14, 1999.

Treon, Strick, Lucia & Aguirre, P.A. by Scott F. Frerichs, Anthony Lucia, Phoenix, for Plaintiffs–Appellants.

Wilenchik & Bartness, P.C. by Dennis I. Wilenchik, Phoenix, for Defendants–Appellees Congrove.

Grant Woods, Attorney General by John E. Wolfinger, Assistant Attorney General, Phoenix, for Defendants–Appellees State of Arizona and DPS.

## OPINION

WEISBERG, Judge.

¶1 Christina and Scott Luchanski ("appellants") alleged in their complaint that Officer J.L. Congrove caused Christina's injuries by leaving her unattended and unsecured while she was in law enforcement custody. They appeal from the trial court's grant of appellees' motion to dismiss. We reverse in part because, even though appellees are afforded qualified immunity here, the allegations of the complaint are sufficient to allow appellants the opportunity to develop supporting evidence.

## FACTS[1] AND PROCEDURAL HISTORY

¶2 Officer Congrove stopped a vehicle operated by Christina Luchanski on Highway 89 south of Prescott. Believing that Christina was driving while intoxicated, Officer Congrove took her into custody. He handcuffed her and left her unattended and unsecured in the back seat of his patrol vehicle for a substantial period of time, while dealing with her husband Scott and waiting for a tow truck. While handcuffed and unattended, Christina stepped out of the patrol vehicle, lost her balance and fell down a steep embankment immediately adjacent to the vehicle. As a result, Christina suffered serious and permanent physical injury.

Appellants sued Officer Congrove, the Department of Public Safety ("DPS"), and the State of Arizona (hereafter collectively "appellees"). They alleged that Officer Congrove was grossly negligent in leaving Christina unattended and unsecured. They also alleged that DPS and the State of Arizona were liable for the conduct of Officer Congrove, both under the doctrine of respondeat superior and because they had negligently failed to properly supervise, control, and train him.

¶3 DPS and the State joined in Officer Congrove's motion to dismiss the complaint. Appellees argued that, pursuant to Arizona Revised Statues Annotated ("A.R.S.") section 12–820.02, Congrove could not be liable for Christina's injuries unless he intended to cause the injuries or was grossly negligent. They maintained that, under the facts alleged in the complaint, appellants could not prevail.

¶4 Appellants offered two arguments in response. First, they argued that the gross negligence standard of Arizona Revised Statutes Annotated ("A.R.S.") section 12–820.02 did not apply because the legislature intended to modify the standard of care only in those situations in which third parties sustained injuries at the hands of someone a law enforcement officer had failed to take into or keep in custody. Second, they argued that their factual allegations and the inferences that could be drawn from them stated a claim for gross negligence. They included an affidavit from an expert witness on police practices and procedures, who opined that Officer Congrove's actions constituted gross negligence and that DPS was grossly negligent in providing a patrol car that lacked security features routinely found in such vehicles.

¶5 The trial court granted appellees' motion to dismiss. It ruled that A.R.S. section 12–820.02 applied, that Officer Congrove had intended no injury to Christina, and that, "as a matter of law and taking all the allegations of the Complaint to be true," Congrove's conduct did not constitute gross negligence. Without indicating whether it had considered

---

1. On review of a motion to dismiss a complaint for failure to state a claim, this court must accept all material facts alleged by the non-moving par-

ty as true. *Acker v. CSO Chevira,* 188 Ariz. 252, 255, 934 P.2d 816, 819 (App.1997).

.

178

the expert witness affidavit proffered by appellants, the trial court dismissed the complaint with prejudice. Appellants have appealed from the judgment dismissing their complaint.

## DISCUSSION

### A. Applicability of A.R.S. Section 12–820.02

¶ 6 Appellants first argue that A.R.S. section 12–820.02 does not shield appellees because it modifies the standard of care only where *third parties* sustain injuries caused by someone a law enforcement officer had failed to take into or keep in custody.[2] They assert that each section of the statute focuses on situations in which third parties sustain injuries inflicted by persons over which the state had control and therefore some opportunity to prevent such injuries. Appellants then conclude that the statute does not apply here because Christina was both the person whom Officer Congrove failed to secure while under arrest and the one who was injured.

¶ 7 Appellees respond that, although several sections of A.R.S. section 12–820.02 refer to third-party injuries "caused by" specific persons or actions, that does not change the conclusion that section 12–820.02(A)(1), the section applicable here, does not require that the resulting injuries be to a third person. They argue that, absent statutory language to the contrary, there is no reason to believe that the legislature meant to exempt self-caused injuries from the statutory shield. Furthermore, appellees reason that it would be illogical to apply a gross negligence standard to a third person injured by an escaped arrestee, but to apply only a simple negligence standard to the escaped arrestee's own injury. On this issue, we agree with appellees.

¶ 8 Section 12–820.02 provides in pertinent part as follows:

A. Unless a public employee acting within the scope of the public employee's employment intended to cause injury or was grossly negligent, neither a public entity nor a public employee is liable for:

1. The failure to make an arrest or the failure to retain an arrested person in custody.

¶ 9 The cardinal rule of statutory interpretation is to determine and give effect to the intent of the legislature. *Calvert v. Farmers Ins. Co. of Arizona,* 144 Ariz. 291, 294, 697 P.2d 684, 687 (1985). In determining legislative intent, the court looks to the policy behind the statute and to the words, context, subject matter, effects, and consequences of the statute. *Id.* If the words do not disclose the legislative intent, the court must examine the statute as a whole and give it a fair and sensible meaning. *Robinson v. Lintz,* 101 Ariz. 448, 452, 420 P.2d 923, 927 (1966).

¶ 10 The relevant portion of the statute contains no language limiting its application to injured third persons. Appellants nevertheless argue that, if A.R.S. section 12–820.02 is read as a whole, it is apparent that each section applies to situations in which third parties are injured. We disagree.

¶ 11 Only section 12–820.02(A)(4) explicitly applies to injuries done to third parties. That section provides qualified immunity for: "An injury caused by a prisoner to any other prisoner or an injury caused by a youth committed to the department of juvenile corrections to any other committed youth." But no other section of 12–820.02 contains language similar to that of section 12–280.02(A)(4). Consequently, no other section explicitly extends limited immunity only for injuries to third parties.

¶ 12 Nor do we find anything in the plain language of the other sections of 12–820.02 that implies such a limitation. For example, section 12–820.02(A)(5) provides qualified im-

---

**2.** At oral argument, appellants also argued that the statutory language regarding the "failure to retain an arrested person in custody" refers only to situations in which an arrestee is released from custody or arrest. Because Christina was under arrest at the time of her injury, appellants asserted that the statute does not apply. Howev-

er, because this argument was neither raised below nor briefed by appellant on appeal, we will not consider it. *See Jones v. Burk,* 164 Ariz. 595, 597, 795 P.2d 238, 240 (App.1990) (issues not clearly raised and argued in appellate brief are waived).

munity for the "issuance of or failure to revoke or suspend any permit, license, certificate, approval, order or similar authorization for which absolute immunity is not provided"; section 12–820.02(A)(6) gives qualified immunity for the "failure to discover violations of any provision of law requiring inspections of property other than property owned by the public entity in question"; and section 12–820.02(A)(8) provides qualified immunity for the "failure to prevent the sale or transfer of a handgun to a person whose receipt or possession of the handgun is unlawful under any federal law or any law of this state."

¶ 13   Appellants nonetheless argue that section 12–820.02(A)(2), which provides for qualified immunity where an injury is "caused by an escaping or escaped prisoner or a youth committed to the department of juvenile corrections," may be interpreted as applying only to third party injuries. But in the absence of explicit language such as that contained in section 12–820.02(A)(4), we disagree. *See Ladd v. County of San Mateo,* 12 Cal.4th 913, 50 Cal.Rptr.2d 309, 911 P.2d 496, 501–02 (Cal.1996)(immunity provided public entities and employees from liability for any injury "caused by" escaping prisoner applies where prisoner injures herself during attempted escape).

¶ 14   When the legislature has specifically included a term in some places within a statute and excluded it in other places, courts will not read that term into the sections from which it was excluded. *Arizona Bd. of Regents ex rel. the University of Arizona v. State of Arizona Pub. Safety Retirement Fund Manager Adm'r,* 160 Ariz. 150, 157, 771 P.2d 880, 887 (App.1989). Because the legislature did not use the language of paragraph (A)(4) in paragraph (A)(1), we conclude that the qualified immunity for failure to make an arrest or retain an arrested person in custody extends to injuries incurred by the arrested person.

¶ 15   Moreover, as expressed by the court in *Ladd,* "it would make little sense to preclude an innocent bystander from recovering damages caused by a public employee's negligence in allowing a prisoner to escape, but permit the prisoner to recover damages resulting from a self-inflicted injury under the same or similar circumstances." 50 Cal. Rptr.2d 309, 911 P.2d at 500. For example, if Christina had grabbed Scott to stop herself from falling over the edge of the embankment and thereby caused him to fall with her, it would be illogical to deny recovery for Scott's injuries while allowing recovery for Christina's. Accordingly, we affirm the trial court's conclusion that A.R.S. section 12–820.02(A)(1) applies here.

## B.   Grant of the Motion to Dismiss

¶ 16   Appellants also argue that the trial court improperly resolved disputed facts contrary to Rule 12(b)(6) of the Arizona Rules of Civil Procedure. We agree.

¶ 17   Motions to dismiss for failure to state a claim are not favored in Arizona law.[3]   *State ex rel. Corbin v. Pickrell,* 136 Ariz. 589, 594, 667 P.2d 1304, 1309 (1983). "When a complaint is the target of a rule 12(b)(6) motion, the court must assume the truth of all of the complaint's material allegations, accord the plaintiffs the benefit of all inferences which the complaint can reasonably support, and deny the motion unless certain that plaintiffs can prove no set of facts which will entitle them to relief upon their stated claims." *Gatecliff,* 154 Ariz. at 508, 744 P.2d at 35.

¶ 18   We are mindful that "[o]rdinarily, the issue of gross negligence is a question of fact to be decided by the jury." *Walls v. Arizona Dep't of Pub. Safety,* 170 Ariz. 591, 595, 826 P.2d 1217, 1221 (App. 1991). To present the issue to the jury, gross negligence need not be established conclusively, although the evidence must be

---

**3.**   Although Luchanski presented an expert opinion by affidavit in her response to the motion to dismiss, it does not appear that the trial court considered the affidavit. Because there is no indication that the court considered evidence outside the complaint or treated the motion to dismiss as a motion for summary judgment, we review the granting of the motion under the standard for a Rule 12(b)(6) motion to dismiss. *See Gatecliff v. Great Republic Life Ins.,* 154 Ariz. 502, 508, 744 P.2d 29, 35 (App.1987) (opposing party's right under Rule 12(b)(6) includes right to indication from court that it is treating a Rule 12(b)(6) motion as one for summary judgment).

more than slight and may not border on conjecture. *Id.* Thus, to prevail on a motion to dismiss, appellees were required to show that under no set of facts, or inferences from those facts, could Luchanski have proved that Officer Congrove's actions constituted gross negligence. *See id.* (court may withdraw issue of gross negligence from jury only when no evidence is introduced that would lead a reasonable person to find gross negligence).

¶ 19 We recognize that proving gross negligence is no easy task. "Gross negligence and wanton conduct have generally been treated as one and the same." *Williams v. Thude,* 188 Ariz. 257, 259, 934 P.2d 1349, 1351 (1997). Wanton misconduct is "aggravated negligence." *DeElena v. Southern Pacific Co.,* 121 Ariz. 563, 566, 592 P.2d 759, 762 (1979). The *Walls* court explained that

> [a] party is grossly or wantonly negligent if he acts or fails to act when he knows or has reason to know facts which would lead a reasonable person to realize that his conduct not only creates an unreasonable risk of bodily harm to others but also involves a high probability that substantial harm will result.

170 Ariz. at 595, 826 P.2d at 1221.

¶ 20 Nonetheless, taking the allegations of the complaint as true and, more importantly, considering that no discovery had yet been undertaken, we conclude that dismissal for failure to state a claim was unwarranted. Appellees did not conclusively show that, under the facts as pled or inferences from those facts, appellants could not prove that appellees' conduct constituted gross negligence.[4] We therefore conclude that the motion to dismiss ought not have been granted because it was not "beyond doubt that the plaintiff[s] [could] prove no set of facts in support of [their] claim[s] which would entitle [them] to relief." *See Newman v. Maricopa County,* 167 Ariz. 501, 505–06, 808 P.2d 1253, 1257–58 (App.1991), *quoting* 5A C. Wright & A. Miller, *Federal Practice & Procedure* § 1357, at 325.

¶ 21 In reaching this conclusion, we reject appellees' reliance upon *Walls.* Unlike the instant case, the court in *Walls* affirmed *summary judgment* in favor of DPS and its officer, concluding that the plaintiff had presented no evidence from which a jury could have inferred that the officer was grossly negligent. 170 Ariz. at 596, 826 P.2d at 1222. In contrast, the motion to dismiss here was filed and decided before appellants had the opportunity to develop evidence to support her allegation of gross negligence. Because we are reviewing a motion to dismiss, rather than a motion for summary judgment, *Walls* is not controlling; and appellants must be afforded the opportunity to discover facts which may support their claims.

## CONCLUSION

¶ 22 We affirm the trial court's ruling that A.R.S. section 12–820.02(A)(1) affords appellees limited immunity. However, we reverse the grant of the motion to dismiss and remand for further proceedings consistent with this opinion.

E.G. NOYES, JR., Judge, and
JEFFERSON L. LANKFORD, Judge,
concur.

---

4. The statutory language provides that qualified immunity is available, "unless a public employee ... intended to cause injury or was grossly negligent." At oral argument, appellees stressed the intentional component of the statute, arguing that appellant failed to show an intent to harm. But appellants have never alleged the intent to cause injury on the part of appellees, merely gross negligence.