80 P.3d 276

**STATE of Arizona, Appellee,**

v.

**Christopher Leroy GONZALES, Appellant.**

**No. 1 CA–CR 02–0971.**

Court of Appeals of Arizona, Division 1, Department D.

Dec. 2, 2003.

Terry Goddard, Attorney General By Randall M. Howe, Chief Counsel, Criminal Appeals Section and Jon G. Anderson, Assistant Attorney General, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender By Anna M. Unterberger, Deputy Public Defender, Phoenix, Attorneys for Appellant.

**OPINION**

GARBARINO, Judge.

¶1 Pursuant to the express language of Arizona Revised Statutes (A.R.S.) section 28–

3318(D) (1998), "[c]ompliance with the mailing provisions of this section constitutes notice of the suspension or revocation for purposes of prosecution under § 28–1383.... The state is not required to prove actual receipt of the notice or actual knowledge of the suspension or revocation [of a driver's license]." We hold that the rebuttable presumption of receipt of notice authorized in A.R.S. § 28–3318(D) that applies in the case of the "suspension" or "revocation" of a driver's license also applies in the case of the "cancellation" of a driver's license. The trial court did not err by instructing the jury to that effect. We affirm the defendant Christopher Leroy Gonzales' convictions and sentences for two counts of aggravated driving under the influence of intoxicating liquor (DUI).

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 The defendant was charged with two counts of aggravated DUI, class 4 felonies, stemming from an incident that occurred on February 3, 2002. The charges were aggravated pursuant to A.R.S. § 28–1383 (Supp. 2002) because the defendant was driving on a cancelled driver's license at the time he was arrested for DUI. In relevant part, A.R.S. § 28–1383(A)(1) provides that DUI charges are aggravated if committed "while the person's driver license or privilege to drive is suspended, cancelled, revoked or refused or while a restriction is placed on the person's driver license or privilege to drive as a result of violating § 28–1381...." Arizona Revised Statutes section 28–1383(C) provides that "[t]he notice to a person of the suspension, cancellation, revocation or refusal of a driver license or privilege to drive is effective as provided in § 28–3318...."

¶ 3 At trial, Jerald Ploium, an investigator and deputy custodian of records for the Motor Vehicle Division of the Arizona Department of Transportation (MVD), testified for the State that the MVD cancelled the defendant's driver's license on May 12, 1999. According to Ploium, the MVD had determined that problems with the defendant's driver's license status in a sister state made him ineligible for the Arizona license that he had applied for a few days prior to the cancellation. Ploium also disclosed that at no time after the defendant's driver's license was cancelled did the defendant take steps to obtain a new license. He then testified that the MVD's records revealed that the cancellation notice had been sent by first-class mail to the defendant at the address he had given on his application. This is the same address where the defendant was living at the time of his arrest.

¶ 4 The defendant's testimony was that he did not receive the notice and had no knowledge of the cancellation. Ploium conceded that the MVD's records do not show whether the defendant had actually received the cancellation notice.

¶ 5 While discussing jury instructions, defense counsel asked the trial court for an instruction that would inform the jury that in order to prove aggravated DUI based on a driver's license cancellation, the addressee must have actually received notice of the cancellation or have actual knowledge of the cancellation. The trial court rejected the requested instruction and instead instructed the jury that service of the notice of the cancellation was complete upon mailing it to the address provided by the defendant on his application for the license. If the State is able to prove that notice was mailed to the defendant, it is presumed that it was received and that the defendant has knowledge of the cancellation. The court also instructed the jury that the presumption could be rebutted by the defendant.

¶ 6 The jury convicted the defendant of both counts as charged. The trial court suspended the imposition of the sentences and placed the defendant on seven years' intensive probation, on the condition that he serve a four-month term of imprisonment for each count, to be served concurrently. The defendant filed a timely notice of appeal with this Court.

## DISCUSSION

¶ 7 On appeal, the defendant contends that the trial court erred by refusing to instruct the jury that the State needed to prove that the defendant actually received the notice of

cancellation or had actual knowledge of the status of his license. The defendant contends that the trial court improperly interpreted the language found in A.R.S. § 28–3318(D). Our review of the issue is de novo. *See State v. Orendain*, 188 Ariz. 54, 56, 932 P.2d 1325, 1327 (1997) ("We review de novo whether ... instructions to the jury properly state[ ] the law."); *Zamora v. Reinstein*, 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996) (explaining that issues of statutory construction are questions of law, which are reviewed de novo).

¶ 8 The statute in question is A.R.S. § 28–3318 (1998), which is contained in Article 6 of Title 28 of Arizona's statutes. Article 6, comprised of §§ 28–3301 to –3320 (1998 & Supp.2002), provides for the regulation of drivers' licenses by the MVD. Within Article 6, A.R.S. § 28–3301 (Supp.2002) deals with license cancellation. The topic of disqualification of commercial drivers' licenses is handled in A.R.S. § 28–3312 (Supp.2002). Provisions for suspension and/or revocation of licenses on various grounds are contained in several of the other sections including §§ 28–3302 to –3311. As the latter sections reveal, revocations are mandatory under certain circumstances and discretionary under others.

¶ 9 According to A.R.S. § 28–3318, notice is provided when the MVD institutes an action affecting the status of a driver's license. Section 28–3318(A)(1) broadly provides that written notice shall be provided for "[a] suspension, revocation, cancellation, or disqualification of the license or privilege to operate a motor vehicle." Subsection (B) specifies that the notice is to be sent "by mail to the address provided to the department on the licensee's application or provided to the department pursuant to § 28–448." Subsection (C) provides that "[s]ervice of the notice provided by this section is complete on mailing." It also provides that no other service of notice is required unless the MVD has been notified of a change of address. A.R.S. § 28–3318(C).

¶ 10 Without question, all of the foregoing subsections of A.R.S. § 28–3318 pertain to license cancellations as well as to suspensions and revocations. Cancellation is expressly mentioned in subsection (A); subsections (B) and (C) merely refer back to subsection (A).

The defendant questions, however, whether the legislature intended for subsection (D) to apply only to suspensions or revocations and not to cancellations or disqualifications because subsection (D) expressly mentions only suspension and revocation. Subsection (D) provides that

> [c]ompliance with the mailing provisions of this section constitutes notice of the suspension or revocation for purposes of prosecution under § 28–1383 or 28–3473. The state is not required to prove actual receipt of the notice or actual knowledge of the suspension or revocation.

¶ 11 The defendant argues that when interpreting subsection (D), we should conclude that the legislature intended to relieve the state of the burden of proving actual receipt or notice with respect to suspension or revocation, but not with respect to cancellation or disqualification. The defendant urges this Court to use the rule of *expressio unius est exclusio alterius,* which is a rule of statutory construction meaning the expression of one thing is the exclusion of another. *State v. Roscoe,* 185 Ariz. 68, 72, 912 P.2d 1297, 1299 (1996). We also consider the application of another rule of statutory construction, which states that "[w]hen the legislature has specifically included a term in some places within a statute and excluded it in other places, courts will not read that term into the sections from which it was excluded." *Luchanski v. Congrove,* 193 Ariz. 176, 177, ¶ 14, 971 P.2d 636, 639 (App.1998) (citing *Ariz. Bd. of Regents ex rel. Univ. of Ariz. v. Ariz. Pub. Safety Ret. Fund Manager Adm'r,* 160 Ariz. 150, 157, 771 P.2d 880, 887 (App.1989)).

¶ 12 Despite the foregoing, we must bear in mind that canons of statutory construction should never be applied "when the general context of the statute and the public policy of the state contradict it." *Forsythe v. Paschal,* 34 Ariz. 380, 383, 271 P. 865, 866 (1928). Indeed, "[t]he cardinal rule of statutory interpretation is to determine and give effect to the intent of the legislature." *Luchanski,* 193 Ariz. at 178, ¶ 9, 971 P.2d at 638. In addition, we are guided by the rule that "[s]tatutes must be given a sensible construction that accomplishes the legislative intent and which avoids absurd results." *Ariz. Health Care Cost Containment Sys. v.*

*Bentley*, 187 Ariz. 229, 233, 928 P.2d 653, 657 (App.1996). Although we look first to the language in question to determine its meaning, "[w]hen the statute's language is not clear, we determine legislative intent by reading the statute as a whole, giving meaningful operation to all of its provisions, and by considering factors such as the statute's context, subject matter, historical background, effects and consequences, and spirit and purpose." *Zamora*, 185 Ariz. at 275, 915 P.2d at 1230.

■ ¶ 13 When reading subsection (D) of A.R.S. § 28–3318 in context with (1) the other provisions of the statute, (2) the other statutes making up Title 28, Article 6, and (3) the relevant language in A.R.S. § 28–1383, we conclude that the legislature would not have intended that the presumption expressed in subsection (D) apply only in the case of suspension or revocation, and not in the case of cancellation or disqualification. When reading subsections (A), (B), and (C) together, we can only conclude that the legislature intended to establish as public policy that service of the notice in each of these instances can be effected through the use of regular mail and that service is complete upon mailing. The defendant has failed to persuade us that there is any rational basis to support his proposition that the rebuttable presumption that service is complete upon mailing applies only in the case of suspension or revocation. We, therefore, read the statute as including cancellation or disqualification. *See, e.g., Bussanich v. Douglas*, 152 Ariz. 447, 450, 733 P.2d 644, 647 (App.1986) (rejecting as absurd a construction that would result in disparate treatment between public and private employees under the state's workers' compensation scheme, despite statutory use of the phrase "private employment").

¶ 14 The defendant contends that the legislature omitted cancelled licenses from A.R.S. § 28–3318(D) because there had been no prior hearing relative to a driver's license cancellation. The defendant correctly points out that for suspensions and revocations, "there are court proceedings in place to make sure that a driver has actual notice of those circumstances" and that hearings are allowed for license suspensions and revocations. The opportunity to be heard before revocation of a driver's license applies to discretionary revocations. A.R.S. § 28–3306 (Supp.2002). A defendant's opportunity to be heard also applies to mandatory revocations, in which a defendant has the "opportunity to be heard in the juvenile or criminal proceedings leading to the convictions." *Thomson v. Miller ex rel. Ariz. Highway Dep't*, 163 Ariz. 461, 462, 788 P.2d 1212, 1213 (App.1989); *see also* A.R.S. § 28–3304 (mandatory revocation). Despite the fact that a hearing is not provided for a license cancellation, the cancellation of a license is without prejudice. A.R.S. § 28–3301(D) (Supp.2002). A person whose license has been cancelled is free to reapply for a new license at any time. *Id.* The mere fact that a pre-revocation hearing is allowed would not prove that actual notice has been received, especially in cases in which no hearing was requested. The defendant's argument fails to convince us that the legislature did not intend that the presumption of receipt of notice apply to license cancellations. In both cases of revocation and cancellation, there are mechanisms in place that afford a person the opportunity to challenge either the revocation or cancellation.

¶ 15 Finally, the defendant argues that the case of *State v. Jennings*, 150 Ariz. 90, 722 P.2d 258 (1986), decided by our supreme court, compels a different result. We disagree. *Jennings* involved a conviction for DUI with a suspended license. *Id.* at 91, 722 P.2d at 259. The relevant statutes in effect at that time were A.R.S. § 28–445, dealing with mandatory suspensions and revocations, and A.R.S. § 28–446, dealing with discretionary suspensions and revocations. *Id.* at 92, 722 P.2d at 260. The court in *Jennings* noted that A.R.S. § 28–446 contained language stating that "[t]he state is not required to prove actual receipt of the notice or actual knowledge of the suspension or revocation," whereas A.R.S. § 28–445 contained no language to that effect. *Id.* at 93, 722 P.2d at 261. In rejecting the argument that the language should apply to both statutes, the court stated that "[i]f the legislature had intended to have this language apply to both §§ 28–445 and 28–446, it could have simply placed it in both sections or in A.R.S. § 28–453 which covers the notice of revocation that must be given under both sections." *Id.* at 93, 722 P.2d at 261.

¶ 16 Unlike the situation in *Jennings*, in the current statutes dealing with license regulation, the legislature has placed the language creating the presumption of receipt of notice in the separate notice statute that applies to the entire group of statutes dealing with license regulation. Therefore, the presumption now expressly applies in all cases of suspension or revocation regardless of whether hearing is allowed. In addition, in *Jennings*, there was no manifestation of public policy that could have led to a different conclusion. In this case we have found public policy reasons for applying A.R.S. § 28–3318(D) to cancellation and disqualification even though only suspension and revocation are mentioned.

## CONCLUSION

¶ 17 For the reasons explained in this opinion, we affirm the defendant's convictions and sentences.

CONCURRING: PATRICK IRVINE, Presiding Judge and CECIL B. PATTERSON, JR., Judge[1].