IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

DEC 18 2008

COURT OF APPEALS
DIVISION TWO

| | | |
|---|---|---|
| JOSEPH M. ARPAIO, | ) | |
| | ) | 2 CA-CV 2008-0062 |
| Defendant/Appellant, | ) | DEPARTMENT A |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| CITIZEN PUBLISHING CO. and | ) | |
| MARK KIMBLE, | ) | |
| | ) | |
| Defendants/Appellees. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. C-20073995

Honorable Charles V. Harrington, Judge

AFFIRMED

Iafrate & Associates
  By Michele M. Iafrate and Jeffrey L. McLerran                                      Phoenix
                                               Attorneys for Defendant/Appellant

Steptoe & Johnson LLP
  By David J. Bodney, Karen J. Hartman-Tellez,                                        Phoenix
  and Aaron J. Lockwood                         Attorneys for Defendants/Appellees

B R A M M E R, Judge.

**¶1**         Appellant Maricopa County Sheriff Joseph Arpaio appeals from the trial court's award of attorney fees against him and in favor of appellees Citizen Publishing Co. and Mark Kimble (collectively, "Citizen") in a declaratory judgment action Pima County Attorney Barbara LaWall brought regarding a public records request Citizen had submitted to LaWall.  Arpaio asserts A.R.S. § 39-121.02(B) does not permit the trial court to require him to pay Citizen's attorney fees.  Finding no error, we affirm.

## Factual and Procedural Background

**¶2**         The underlying facts are undisputed.  In July 2007, Citizen submitted a public records request to LaWall for documents related to the Arizona Attorney General's transfer of a civil forfeiture case to the Pima County Attorney's Office ("PCAO").  PCAO contacted Arpaio, whose office had originally investigated the case, to ask if he had any objection to the release of certain correspondence between PCAO and Arpaio's office concerning the transfer.  Arpaio responded that PCAO could not properly give Citizen access to the correspondence because it would be harmful to the state and that the records were protected by a purported attorney-client relationship between PCAO and the Maricopa County Sheriff's Office.

**¶3**         LaWall then filed a declaratory judgment action asking the trial court to determine:  (1) whether an attorney-client relationship existed in these circumstances between PCAO and Arpaio; (2) if so, whether the information sought by the Citizen's public records request was privileged; (3) whether the information may be released; and (4) "the

rights and other legal relationships" of the parties "with respect to this matter." The complaint named Arpaio and Citizen as defendants.[1] In response, Arpaio argued LaWall was not permitted to release the correspondence, again asserting the attorney-client privilege protected the information and that release of the information would be harmful to the state. LaWall and Citizen argued LaWall could properly release the records.

¶4        After reviewing the correspondence, the trial court determined the correspondence was a public record, no attorney-client privilege existed between PCAO and Arpaio, but that minor portions of the correspondence were protected attorney work product. The court ordered LaWall to provide Citizen access to the correspondence after redacting the protected information.

¶5        Citizen then requested attorney fees and costs pursuant to A.R.S. §§ 12-341.01(C), 12-349(A), and 39-121.02(B). After a hearing, the court granted Citizen's request pursuant to § 39-121.02(B), ordering Arpaio to pay Citizen $25,241 in attorney fees. This appeal followed.

**Discussion**

¶6        This case presents a question of statutory construction we review de novo. *See McHale v. McHale*, 210 Ariz. 194, ¶ 7, 109 P.3d 89, 91 (App. 2005). "When construing a statute, our goal 'is to fulfill the intent of the legislature that wrote it.'" *City of Sierra Vista*

---

[1]The complaint also named the State of Arizona as a defendant, but the State was dismissed from the action.

*v. Dir., Ariz. Dep't of Envtl. Quality*, 195 Ariz. 377, ¶ 10, 988 P.2d 162, 165 (App. 1999),

*quoting State v. Williams*, 175 Ariz. 98, 100, 854 P.2d 131, 133 (1993). "If the statute is

clear and unambiguous, we apply the plain meaning of the statute." *Hourani v. Benson

Hosp.*, 211 Ariz. 427, ¶ 7, 122 P.3d 6, 10 (App. 2005). "We look . . . to the statute's

language . . . [as] 'the best and most reliable index of [the] statute's meaning.'" *Williams*,

175 Ariz. at 100, 854 P.2d at 133, *quoting Janson ex rel. Janson v. Christensen*, 167 Ariz.

470, 471, 808 P.2d 1222, 1223 (1991). "We resort to additional considerations 'such as the

statute's context, history, subject matter, effects and consequences, spirit, and purpose' only

if the language proves to be ambiguous." *Taylor v. Cruikshank*, 214 Ariz. 40, ¶ 10, 148 P.3d

84, 87 (App. 2006), *quoting State v. Fell*, 203 Ariz. 186, ¶ 6, 52 P.3d 218, 220 (App. 2002).

¶7        Section 39-121.02(B) provides, in pertinent part, as follows: "The court may

award attorney fees and other legal costs that are reasonably incurred in any action under this

article if the person seeking public records has substantially prevailed."[2]        Section

---

[2]Arpaio argued for the first time at oral argument before this court that the declaratory judgment action filed by LaWall is not an "action under this article," namely Article 2 of Chapter 1 of Arizona's public records law. § 39-121.02(B). He has therefore waived this argument on appeal. *See City of Tucson v. Clear Channel Outdoor, Inc.*, 218 Ariz. 172, n.3, 181 P.3d 219, 227 n.3 (App. 2008) ("Issues raised for the first time at oral argument are generally deemed untimely and waived."). In any event, nothing in the statutory scheme suggests a declaratory judgment action brought to determine the parties' rights under our public records law would not be such an action, or that Arpaio was not a proper party to the action. *See* A.R.S. § 12-1841(A). Indeed, our legislature considered and rejected an amendment to § 39-121.02 that would have limited declaratory actions under our public records law by requiring the requestor's consent, strongly suggesting that our legislature considers declaratory judgment actions to be "an action under this article." § 39-121.02(B); s*ee Senate Final Amended Fact Sheet*, S.B. 1225, 47th Leg., 2nd Reg. Sess. (Ariz. 2006).

39-121.02(B) is contained in Article 2, Chapter 1, of Title 39 of the Arizona Revised Statutes, the article governing the duty of an officer of a public body to maintain records and provide public access to those records. Nearly all of the provisions of this article refer to either the "officer" or "public body" or "custodian" responsible for the requested records. *See, e.g.,* A.R.S. §§ 39-121; 39-121.01(B), (C), (D), (E); 39-121.03(A), (B). Section 39-121.02(B), however, does not use those terms and does not specify what entity is liable for any fees and costs awarded to the successful party. Thus, we must determine whether the legislature intended that only the custodian of the requested records be liable for any fees and costs awarded.

¶8 As we understand his argument, Arpaio contends it was unnecessary for the legislature to specify the responsible entity in § 39-121.02(B) because it is the custodian's duty to maintain records and make them available for inspection.[3] Arpaio relies on *State ex*

And our supreme court has addressed the merits of a similar declaratory action without suggesting such an action was not "an action under [the public records law]." § 39-121.02(B); s*ee Scottsdale Unified Sch. Dist. No. 48 v. KPNX Broad. Co.*, 191 Ariz. 297, ¶ 5, 955 P.2d 534, 536 (1998). Arpaio also asserted for the first time at argument that § 39-121.02(B) does not apply because he did not receive a public records request and thus did not deny Citizen access to the records. To the extent this argument differs from the arguments properly raised in his opening brief, Arpaio has waived it on appeal. *See Clear Channel Outdoor, Inc.*, 218 Ariz. 172, n.3, 181 P.3d at 227 n.3. And we also note this argument contradicts the position Arpaio took below—that LaWall was his attorney, and therefore his agent, who owed him all the fiduciary duties that flow from an attorney/client relationship, and therefore arguably received the request on his behalf.

[3]In making his argument, Arpaio does not rely on § 39-121.02(B), much less examine its language. Instead, he cites to § 39-121.02(C), stating it allows the court to "award attorney's fees and costs against the *custodian*" if access to a public record "is wrongfully denied." Arpaio misinterprets § 39-121.02(C). That provision instead creates a cause of

*rel. Larson v. Farley*, 106 Ariz. 119, 122, 471 P.2d 731, 734 (1970), in which our supreme court stated that we should interpret a statute "in conjunction with other statutes to the end that they may be harmonious and consistent," and "[i]f the statutes relate to the same subject or have the same general purpose—that is, statutes which are in pari materia—they should be read in connection with, or should be construed together with other related statutes, as though they constituted one law." Thus, Arpaio reasons, because the other statutes in Article 2 deal solely with the duty of the officer to maintain and provide access to the records, we must conclude § 39-121.02(B) permits an award of attorney fees only against that officer.

¶9        But the rule of statutory construction described in *Farley* does not require us to read absent language into § 39-121.02(B). Indeed, to do so would violate our rules of statutory interpretation. *See State v. Gonzales*, 206 Ariz. 469, ¶ 11, 80 P.3d 276, 278 (App. 2003) ("'[W]hen the legislature has specifically included a term in some places within a statute and excluded it in other places, courts will not read that term into the sections from which it was excluded.'"), *quoting Luchanski v. Congrove*, 193 Ariz. 176, 177, ¶ 14, 971 P.2d 636, 639 (App. 1998). As we noted above, unlike most of the provisions of Arizona's public records law, § 39-121.02(B) does not refer to the officer or public body having custody of the requested records. In further contrast, the other subsections of § 39-121.02 specifically refer to that officer or public body. Subsection (C) of § 39-121.02 creates a

---

action for damages caused by the wrongful denial of access to a public record and, as we explain, in contrast to subsection (B), specifically states the action is against the "officer or public body."

cause of action by the person requesting the records against "the officer or public body" who "wrongfully denied access to [the requested] public records" for any damages "resulting from the denial." Subsection (A) permits the person requesting the records to appeal the denial of his or her request by special action "against the officer or public body."

¶10        That the legislature used the term "officer or public body" elsewhere, even within the same statute, but not in § 39-121.02(B), strongly suggests the legislature did not intend liability for attorney fees awarded under that statute to be limited to the officer or public body responsible for providing access to the public records. *See Gonzalez*, 206 Ariz. 469, ¶ 11, 80 P.3d at 278. Had the legislature intended for the responsibility to fall solely on the custodian of the records, it would have specifically so stated in the statute—just as it clearly delineated the obligations of the custodian elsewhere in Article 2, including the custodian's liability under § 39-121.02(C) for damages caused by the wrongful denial of access to requested records.[4]

¶11        We may glean the legislature's intent from the statute's language. *See Williams*, 175 Ariz. at 100, 854 P.2d at 133. The statute's reference to the "prevail[ing]" party suggests that attorney fees and costs should be assessed against a non-prevailing party,

---

[4]Additionally, even had LaWall denied the request and Citizen brought a special action as contemplated by § 39-121.02(A), Arpaio still could have been joined as a party. *See* Ariz. R. P. Spec. Actions 2(a)(1). Thus, our legislature was aware that persons or organizations other than the requestor and custodian could be parties to an action under our public records law. That possibility and the legislature's failure to specify in § 39-121.02(B) that attorney fees could only be awarded against the custodian strongly suggest no such restriction exists.

here the party or parties opposing access to the records. The language of § 39-121.02(B) is similar to the language contained in A.R.S. § 12-341.01(A), which provides that the "successful party" is entitled to reasonable attorney fees in any "contested action arising out of a contract." Under § 12-341.01(A), the adverse party is responsible for the successful party's attorney fees. *See Pioneer Roofing Co. v. Mardian Constr. Co.*, 152 Ariz. 455, 466, 733 P.2d 652, 663 (App. 1986); *Nationwide Res. Corp. v. Ngai*, 129 Ariz. 226, 232, 630 P.2d 49, 55 (App. 1981). "Adversity . . . is not determined solely from the parties' alignment in the pleadings, but rather must be ascertained from the opposing positions or interests of the parties." *Pioneer Roofing*, 152 Ariz. at 466, 733 P.2d at 663. "'The word "adverse" in legal proceedings has been said to be equivalent to or synonymous with "oppos[ing]" and "opposite."'" *Ngai*, 129 Ariz. at 232, 630 P.2d at 55, *quoting Harvey v. Lewis*, 158 N.W.2d 809, 812 (Mich. Ct. App. 1968). Despite the fact that both Arpaio and Citizen were named as defendants in the declaratory action, Arpaio's position was clearly adverse to that of Citizen and LaWall, and Arpaio does not argue otherwise.

¶12 Moreover, despite Arpaio's assertion to the contrary, our interpretation of § 39-121.02(B) is consistent with the remainder of the statutory scheme. There is nothing inconsistent in placing the duty to maintain and provide access to pubic records on the custodian of those records but in certain circumstances allowing the trial court to shift legal fees incurred during a dispute over access to those records to a third party when the third party engendered the dispute over access and is a party to the action.

¶13     The legislative history of § 39-121.02(B) also supports our conclusion. The legislature amended § 39-121.02(B) in 2006. 2006 Ariz. Sess. Laws, ch. 249, § 1. Before that amendment, § 39-121.02(B) stated:

> If the court determines that a person was wrongfully denied access to or the right to copy a public record and if the court finds that the custodian of such public record acted in bad faith, or in an arbitrary or capricious manner, the superior court may award to the petitioner legal costs, including reasonable attorney fees, as determined by the court.

*Id.* Thus, prior to 2006, § 39-121.02(B) specifically provided for an award of attorney fees against the custodian of the records if the custodian's actions were arbitrary, capricious, or in bad faith. That the legislature removed that limiting language and replaced it with broader language suggests the legislature intended that a party other than the custodian could be liable for attorney fees awarded under the amended statute. *See In re Estate of Newman*, 532 Ariz. Adv. Rep. 12, ¶ 22 (Ct. App. June 12, 2008) (finding it "inappropriate for this court to incorporate into a current statute language which had been eliminated from the predecessor statute").

¶14     For the reasons stated above, we conclude § 39-121.02(B) does not prohibit a trial court from requiring a party other than the custodian of the requested records to pay

9

attorney fees to the prevailing party.[5]  The trial court may require parties adverse to the requesting party to pay that party's attorney fees if the requesting party substantially prevails.

## Disposition

¶15    We affirm the trial court's award of attorney fees in favor of Citizen and against Arpaio.  And, pursuant to § 39-121.02(B), we grant Citizen's request for reasonable attorney fees and taxable costs on appeal pending its compliance with Rule 21(c), Ariz. R. Civ. App. P.

_____
J. WILLIAM BRAMMER, JR., Judge

CONCURRING:

_____
JOHN PELANDER, Chief Judge

H O W A R D, Presiding Judge, specially concurring.

¶16    I agree with the majority's analysis.  I write separately because the majority merely mentions A.R.S. § 39-121.02(A) in dicta in footnote 4, but that section is the clearest

_____

[5]Although the parties devote considerable portions of their briefs to arguing whether Arpaio was also a "custodian" of the records in question, we need not decide that question. As we have explained, whether a party can be liable for attorney fees under § 39-121.02(B) does not hinge on whether the party is a custodian of the requested records.  Nor do we reach Citizen's argument the trial court alternatively could have awarded fees under A.R.S. §§ 12-349(A) or 12-341.01(C).

10

indication of legislative intent concerning an award of attorney fees and deserves further explanation.

¶17 Arpaio argues that the public records statutes "impose[] a duty, and any sanctions for failing to perform the duty, on the custodian of records only." But the clear and unambiguous language of the statutes convey a legislative intent to impose attorney fees on persons other than the custodian. Section 39-121.02(A), A.R.S., states:

> Any person who has requested to examine or copy public records pursuant to this article, and who has been denied access to or the right to copy such records, may appeal the denial through a special action in the superior court, pursuant to the rules of procedure for special actions against the officer or public body.

Rule 2(a)(1), Ariz. R. P. Spec. Actions, governs parties to special actions and states in part: "If any public body, tribunal, or officer is named as a defendant, the real party or parties in interest shall also be joined as defendants." Subsection (b) of the rule states: "The court may direct that notice of the action be given to any person. It may allow other persons to intervene subject to the provisions of Rule 24 of the Rules of Civil Procedure; or may order their joinder as parties; or may allow them to participate amicus curiae."

¶18 By providing that an action under the public records statutes may be brought "pursuant to the rules of procedure for special actions against the officer or public body," the legislature expressed its desire that other parties, including the real party in interest, be brought into the action. Then, in § 39-121.01(B), the legislature states: "The court may award attorney fees and other legal costs that are reasonably incurred in any action under this

11

article if the person seeking public records has substantially prevailed." Because the legislature did not limit the court's ability to award attorney fees against the custodian and because the legislature contemplated that other parties would be added to the action under the rules for special actions, it has clearly and unambiguously expressed its intent that attorney fees be awardable against other parties in the action in addition to the custodian.

¶19 At oral argument, Arpaio claimed that it was the custodian's duty to disclose the records and only the custodian could deny disclosure. Therefore, he reasoned, only the custodian could be liable for the attorney fees. But Arpaio's argument is not supported by the plain language of the statutes, which provide that other parties may be brought into the action and be subject to an award of fees.

¶20 Here, LaWall thought the records should have been disclosed. Arpaio objected to the disclosure of the records claiming they constituted protected attorney-client information. He insisted that LaWall would violate the ethical rules of conduct if she disclosed the records. Arpaio caused the litigation and § 39-121.02(B) allowed the trial court to award fees against him.[6] Arpaio's claims to the contrary are directly contradicted by the plain language of the statute.

JOSEPH W. HOWARD, Presiding Judge

---

[6]As the majority states, Arpaio waived any claim that this declaratory judgment action was not an "action under" the public records statutes by failing to make that argument below or in his briefs in this court. *Supra*, n. 2. I would not decide or further discuss the issue.

12