NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

ALEXIS MARTINEZ, *Appellant.*

No. 1 CA-CR 13-0550
FILED 05-27-2014

---

Appeal from the Superior Court in Yuma County
No. 1400CR201200054
The Honorable Lawrence C. Kenworthy, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Yuma County Public Defender's Office, Yuma
By Edward F. McGee
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Margaret H. Downie and Judge Donn Kessler joined.

---

**J O N E S**, Judge:

¶1         Defendant Alexis Martinez was convicted of various criminal charges stemming from an incident that occurred in June of 2011. The sole issue he raises on appeal is his assertion insufficient evidence existed to convict him of leaving the scene of an injury accident. As we conclude sufficient evidence did exist, we affirm his conviction.

**Facts and Procedural History**

¶2         During the morning hours of June 17, 2011, Martinez and his girlfriend, V.E., became embroiled in an argument as Martinez was driving to a house where he intended to spend the night. The argument became so heated that V.E. attempted to gain the attention of an unmarked police vehicle by waving her arms out of the passenger-side window of Martinez's vehicle as they drove by. The police officer observed her waving, began following Martinez's vehicle, and activated his lights and siren to effect a stop. Martinez responded by telling V.E. "[he] wasn't stopping," and accelerated his vehicle to speeds approaching eighty miles per hour. Martinez attempted to turn off of the road he was driving on, but, due to the high speed at which he was traveling, lost control of the vehicle and crashed into a brick wall.

¶3         The officer following Martinez arrived at the accident site and witnessed Martinez exit the vehicle, look directly at the officer, and run from the scene on foot. The officer broadcasted the direction Martinez ran and went to assist V.E, who was "very shaken up" and crying; she declined, however, to be transported to the hospital after being seen by Yuma Fire Department rescue personnel. Approximately a minute after running from the scene, Martinez was apprehended by other officers and taken into custody. The officers observed that Martinez was sweaty, and had "very bloodshot, glassy" eyes. Martinez complained of pain and shortness of breath and was transported to the hospital.

¶4 A search of Martinez's vehicle revealed two small baggies of marijuana, a used marijuana cigarette, and rolling papers. Martinez consented to providing a blood sample to police at the hospital, and later testing revealed Martinez's blood contained: a blood alcohol content of .075; 22 nanograms of carboxy THC, an inactive marijuana metabolite; and an active methamphetamine level of 88 nanograms per milliliter.

¶5 Martinez was indicted on charges of leaving the scene of an injury accident, a class 5 felony (Count 1); endangerment involving domestic violence, a class 6 felony (Count 2); driving while under the influence of intoxicating liquor, a class 1 misdemeanor (Count 3); driving under the influence of drugs, a class 1 misdemeanor (Count 4);[1] and endangerment to the general public, a class 6 felony (Count 5). Following the filing of a motion to consolidate another case brought against Martinez stemming from the night of the accident, an amended indictment was filed, which added four additional charges against Martinez: aggravated assault involving domestic violence, a class 3 felony (Count 6); criminal damage, a class 5 felony (Count 7); and possession of marijuana and drug paraphernalia, both class 6 felonies (Counts 8 and 9).

¶6 At trial, without objection from the State, the court granted Martinez's Rule 20 motion for judgment of acquittal as to Count 5. A jury found Martinez guilty on all remaining counts, except Count 6, which resulted in acquittal. Martinez was sentenced to maximum prison terms of 3 years on Count 1, 2.25 years on Count 2, and 3 years on Count 7. He was sentenced to 6 months' jail time for both Counts 3 and 4, and was placed on unsupervised probation for a period of one year for Counts 8 and 9. Count 1 was set to be served consecutively to the other counts, which were to be served concurrently to one another. Martinez timely

---

[1] Specifically, Martinez was indicted, at Count 4, for violation of Arizona Revised Statutes (A.R.S.) section 28-1381(A)(3). This Court recognizes our Supreme Court's recent holding in *State ex rel. Montgomery v. Harris*, ___ Ariz. ____, 322 P.3d 160 (2014), that an (A)(3) conviction may not be predicated solely upon the existence of the non-impairing marijuana metabolite, Carboxy THC, in a defendant's blood. *Id.* at 164-165, ¶¶ 24-25. However, in this instance, beyond the existence of that metabolite, testing also revealed Martinez's blood contained traces of active methamphetamine; in and of itself a sufficient basis to sustain the A.R.S. § 28-1381(A)(3) charge. *See* A.R.S. §§ 28-1381(A)(3), 13-1402(6)(c)(xxxviii).

appealed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A) (2014),[2] 13-4031 (2014), and 13-4033(A)(1) (2014).

## Standard of Review

**¶7**         Martinez argues insufficient evidence was presented at trial to sustain a conviction for leaving the scene of an injury accident.[3] When reviewing for sufficiency of evidence, we determine if substantial evidence was presented at trial to support the jury verdict. *State v. Stroud*, 209 Ariz. 410, 411, ¶ 6, 103 P.3d 912, 913 (2005). "Substantial evidence has been described as more than a mere scintilla of evidence; but it nonetheless must be evidence that reasonable persons could accept as sufficient to support a guilty verdict beyond a reasonable doubt." *Id.* at 411-12, ¶ 6, 103 P.3d at 913-14 (quoting *State v. Hughes*, 189 Ariz. 62, 73, 938 P.2d 457, 469 (1997)) (internal quotations marks omitted). To determine whether substantial evidence exists, we view the facts in the light most favorable to sustaining the jury verdict. *State v. Cox*, 217 Ariz. 353, 357, ¶ 22, 174 P.3d 265, 269 (2007). "The relevant question is whether . . . any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (internal quotation marks omitted).

## Discussion

**¶8**         A driver is guilty of leaving the scene of an accident if the accident results in the injury or death of a person, and the driver fails to satisfy two prongs: (1) "Immediately stop the vehicle at the scene of the

---

[2] Absent material revision after the relevant date, we cite a statute's current version.

[3] Although Martinez made an Arizona Rule of Criminal Procedure 20 motion for judgment of acquittal as to all counts, Martinez did not make the argument he now advances with regard to Count 1. Further, Martinez did not request that the jury be instructed as to the definition of injury or object to the jury not being provided with one. As he did not raise this argument below, we review for fundamental error. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005) ("Fundamental error review . . . applies when a defendant fails to object to alleged trial error."). A conviction based upon insufficient evidence, however, constitutes fundamental error. *State v. Zinsmeyer*, 222 Ariz. 612, 623, ¶27, 218 P.3d 1069, 1080 (App. 2009), *overruled on other grounds by State v. Bonfiglio*, 231 Ariz. 371, 374, ¶ 15, 295 P.3d 948, 951 (2013).

accident or as close to the accident scene as possible [and] immediately return to the accident scene[;]" and (2) remain at the scene of the accident until the driver has fulfilled the requirements of § 28-663."[4]  A.R.S. § 28-661(A) (2014).  If the accident results "in an injury other than death or serious physical injury as defined in § 13-105," and the driver of a vehicle involved does not satisfy the obligations set forth in § 28-661(A), the driver is guilty of a class 5 felony.  A.R.S. § 28-661(C).[5]

¶9        Martinez does not contest that he failed to comply with the requirements of § 28-663 or that he fled from the accident scene. Nonetheless, he argues the evidence does not demonstrate that V.E., the only other person involved in the single car accident, was "injured" so as to implicate § 28-661.[6]

¶10        V.E. testified at trial that "it hurt" when the vehicle impacted the wall and that the wind was knocked out of her.  The officer V.E. waved down prior to the accident testified that V.E. was "seen on scene by [the Yuma Fire Department rescue personnel]" but declined to be transported to the hospital or receive further treatment.

¶11        The word "injury" is not defined in Title 26, chapter 4, nor is there case law defining the word within the context of § 28-661(C).  When a definition is not provided by statute, we give words their ordinary meaning.  *Cox*, 217 Ariz. at 356, ¶ 20, 174 P.3d at 268; A.R.S. § 1-213 (2014) ("Words and phrases shall be construed according to the common and approved use of the language.").  Random House defines "injury" to

---

[4] A.R.S. § 28-663 (2014) bestows three obligations upon "the driver of a vehicle involved in an accident resulting in injury to or death of a person[:]" (1) supply the driver's name, address, and vehicle registration number; (2) if requested, provide his driver's license to the other party involved; and (3) "[r]ender reasonable assistance to a person injured in the accident, including making arrangements for the carrying of the person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that treatment is necessary or if the carrying is requested by the injured person."

[5] If the accident results in a death or a serious physical injury, the crime is classified as a class 3 felony, unless the driver was the cause of an accident, in which case it is a class 2 felony.  A.R.S. § 28-661(B).

[6] If an accident does not result in an injury, serious or otherwise, or death, and the driver fails to comply with the requirements of § 28-663(A), the driver is guilty of a class 3 misdemeanor.  A.R.S. § 28-663(B) (2013).

mean a "harm done or sustained." *Random House's College Dictionary* 686 (First Rev. Ed. 1984). American Heritage defines "injury" as "damage or harm done to or suffered by a person or thing." *The American Heritage Dictionary* 902 (4th Ed. 2000). A rational jury could determine that an incident that "hurt" and caused the wind to be knocked out of V.E. established harm had been sustained or suffered by V.E. Thus, sufficient evidence existed to convict Martinez of Count 1.

¶12 Martinez contends that the definition for "injury" should be supplied by the definition for "personal injury" set forth in § 13-105(33), which requires the "impairment of physical condition," and that the testimony at trial failed to establish V.E. suffered any such impairment. We disagree. "We interpret statutes to effect the intent of the legislature." *State v. Guillory*, 199 Ariz. 462, 464, ¶ 3, 18 P.3d 1261, 1263 (App. 2001). An established rule of statutory construction is that "[w]hen the legislature has specifically included a term in some places within a statute and excluded it in other places, courts will not read that term into sections from which it was excluded." *State v. Gonzales*, 206 Ariz. 469, 471, ¶ 11, 80 P.3d 276, 278 (App. 2003). Section 28-661(C) governs "accident[s] resulting in an injury other than death *or serious physical injury as defined in § 13-105*." The legislature specifically tied the definition of "serious physical injury" to the one provided in our criminal code. Had the legislature intended to also tie the definition of "injury" to the one provided for "physical injury" in § 13-105, it easily could have done so.

¶13 Even assuming, for the sake of argument, that the legislature intended "injury" to mean "physical injury" as defined in § 13-105, there was still sufficient evidence presented to sustain Martinez's conviction. Section 13-105 defines "physical injury" as "the impairment of physical condition." A.R.S. § 13-105(33). The terms "impairment" or "physical condition" are not provided statutory definitions, so we again turn to their ordinary meanings for guidance. *Cox*, 217 Ariz. at 356, ¶ 20, 174 P.3d at 268; A.R.S. § 1-213. An "impairment" causes something "[t]o diminish, as in strength, value or quality;" "physical," in this context, means "of or relating to the body;" and a "condition" refers to either "a mode or state of being" or "a state of health." *The American Heritage Dictionary* 383, 878, 1325 (4th Ed. 2000).

¶14 V.E. testified she had the wind knocked out of her as a result of the accident. It would have been reasonable for the jury to conclude that the impact lessened the quality of a physical condition, i.e., her ability to breathe.

¶15     Martinez also argues V.E. did not sustain an injury of the sort contemplated by § 28-661 because the injuries complained of by V.E. were fleeting and did not prevent her from immediately resuming normal activities.  This argument is unavailing.  Nothing in § 28-661, or even § 13-105(33), suggests an ailment need exist or affect a person for any certain amount of time to qualify as an "injury."   A plain language reading of § 28-661 requires only that, when an injury accident occurs, the driver of a vehicle involved in the accident stop and "render reasonable assistance to a person injured in the accident."  A.R.S. §§ 28-661(A), -663.

## Conclusion

¶16     As sufficient evidence existed to show V.E. suffered an injury, we affirm Martinez's conviction for leaving the scene of an injury accident.

