722 P.2d 334

**The STATE of Arizona, Appellee,**

v.

**Richard Eugene JENNINGS, Appellant.**

**No. 2 CA–CR 3882.**

Court of Appeals of Arizona,
Division 2, Department A.

Aug. 26, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Jack Roberts, Phoenix, for appellee.

Frederic J. Dardis, Pima County Public Defender by Carla Ryan, Tucson, for appellant.

BIRDSALL, Presiding Judge.

On April 30, 1985, the Arizona Supreme Court held in *State v. Williams*, 144 Ariz. 487, 698 P.2d 732 (1985), that it was error for the trial court to refuse to instruct the jury in a drunk-driving case that "the State must prove 'that the defendant knew or should have known that his [driver's] license was suspended or revoked.' " 144 Ariz. at 488, 698 P.2d at 733. The case was remanded for a new trial. Williams had been arrested on October 10, 1982, and was convicted following a trial which commenced July 19, 1983.

On July 27, 1983, a statutory amendment to A.R.S. § 28–446(B) went into effect concerning the authority of the Department of Motor Vehicles to suspend or revoke a driver's license. The language added by the amendment concerned the giving of notice of suspension or revocation: "Compliance with the mailing provisions of § 28–453 constitutes notice of the suspension or revocation for the purposes of prosecution under § 28–473 or 28–692.02. The state is not required to prove actual receipt of the notice or actual knowledge of the suspension or revocation." Added by Laws 1983, Ch. 279, § 1.

Appellant received notice of his driver's license revocation on June 23, 1983. On July 13, after requesting a hearing, appellant was informed that no hearing was permitted. Between June 1983 and May 1984, appellant alleges that he repeatedly telephoned the Department of Motor Vehicles and was told that "there was no revocation of his license," and that he should send in his $10 reinstatement fee, which he did. He also alleges that Tucson Police Department inquiries as to the status of his license during this period revealed no revocation. On May 5, 1984, appellant was arrested and charged with violation of A.R.S. § 28–692.02, driving under the influence while his license was sus-

pended or revoked. At his trial in January 1985, the state moved in limine to preclude appellant from introducing any evidence concerning his understanding of the status of his license. This motion was granted after objection by appellant's counsel.

We must now consider whether the statutory amendment quoted above eliminates the requirement of *Williams*, supra, that the state prove appellant knew or should have known that his license was suspended or revoked. We conclude that the amendment imposes strict liability on the issue of driving with a revoked or suspended license, thus negating the requirement of proving that the defendant knew the status of his license. In so doing, we rely on the plain language of the amendment: "The state is not required to prove ... actual knowledge of the suspension or revocation." Our supreme court was not faced with this language in *Williams* because the amendment was not in effect at the time of Williams' conviction. It was not necessary to its decision to consider what effect the legislation had upon subsequent violators. We find that the legislation eliminates the necessity of proving the culpable mental state of the defendant, thereby fulfilling the requirement of *Williams* that strict liability only be applied when "there is clear legislative intent that the crime does not require any degree of mens rea." 144 Ariz. at 488, 698 P.2d at 733.

The appellant was not entitled to the hearing he requested. Compare A.R.S. § 28–445 (Supp.1984), with § 28–446 (Supp. 1984). While the latter describes offenses for which suspension or revocation of a driver's license is within the discretion of the Department of Transportation, and provides for a hearing upon request of the driver to protest the suspension, the former describes offenses for which revocation is mandatory, and does not provide a hearing for those persons convicted of the predicate offenses. The appellant's license was revoked under the mandatory provision of § 28–445(6), conviction of a combination of reckless driving and second offense D.U.I.

within thirty-six months. Appellant was not entitled to the hearing allowed for discretionary revocations under § 28–446(B), nor did his revocation fall under § 28–446(A)(1), mere commission of offenses for which, under § 28–445, revocation became mandatory upon his convictions for the offenses. It is for such discretionary revocations that due process is required. Due process is already afforded violators under § 28–445, within the process of conviction. There was no error in granting the state's motion.

Other issues concern whether there was probable cause to arrest the appellant and whether there was sufficient evidence to convict him. Appellant's own brief describes the evidence admitted concerning the arresting officers' observations of appellant for approximately ten minutes before his arrest: he was speeding toward them from behind, stopped his car crossways in the street to yell at them, smelled strongly of intoxicants, stumbled when he left his truck, and his speech was slurred. Appellant urges that because the officers offered to drive him home or let him call someone for a ride home rather than arresting him, that probable cause did not exist. We do not believe their offer permitting appellant to avoid a D.U.I. arrest eliminates the facts giving rise to probable cause. It was not only appellant's continued abusive behavior that moved the officers to arrest him, but the understanding that if not arrested, appellant would refuse their offers and continue operating his truck while in an impaired condition. They were not required to arrest appellant at the first manifestation of probable cause, and failure to do so does not stop them from arresting him at a later time. There was ample probable cause for the arrest.

Similarly, appellant argues that because the officers did not immediately arrest him for D.U.I., they could not have had evidence of his driving sufficient to convict him. The same facts that support the probable cause to arrest him are more than adequate to come within the standard of review upon appeal of a jury conviction;

i.e., whether substantial evidence exists to enable a rational trier of fact to have found guilt beyond a reasonable doubt. We believe that the facts as indicated above, and as brought out at trial, were sufficient for conviction.

Affirmed.

HOWARD and FERNANDEZ, JJ., concur.