722 P.2d 258

**STATE of Arizona, Appellee,**

v.

**Richard Eugene JENNINGS, Appellant.**

**No. 6703–PR.**

Supreme Court of Arizona,
In Banc.

June 24, 1986.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Jack Roberts, Asst. Attys. Gen., Phoenix, for appellee.

Frederic J. Dardis, Pima County Public Defender by Carla Ryan, Deputy Pima County Public Defender, Tucson, for appellant.

CAMERON, Justice.

This is a review of an opinion of the court of appeals which affirmed defendant's conviction for driving under the influence of intoxicating liquor with a suspended or revoked license. *State v. Jennings,* 150 Ariz. 166, 722 P.2d 334 (App.1985). We have jurisdiction pursuant to art. 6 § 5(3) of the Arizona Constitution, A.R.S. § 12–120.24 and Rule 31.19, Ariz.R.Crim.P., 17 A.R.S..

The issues presented for review are:

1.  Does due process require a hearing when the state revokes an individual's driver's license pursuant to A.R.S. § 28–445?

2.  Does A.R.S. § 28–446(B) regarding notice of revocation apply when a driver's license is revoked pursuant to A.R.S. § 28–445?

3.  Does A.R.S. § 28–446(B) make a violation of A.R.S. § 28–692.02, driving under the influence with a revoked or suspended license, a strict liability offense?

Although there have been subsequent changes, the following statutes were in effect at all times in question:

§ 28–445. Mandatory revocation of license by department.

The department shall, ... forthwith revoke the license of an operator or chauffeur upon receiving a record of the operator's or chauffeur's conviction of any of the following offenses, when the conviction has become final:

\* \* \* \* \* \*

6. Conviction, or forfeiture of bail not vacated, upon a second or subsequent charge of violating § 28–692, reckless driving, racing on highways, or any combination thereof not arising out of the same event, committed within a period of thirty-six months.

§ 28–446. Authority of department to suspend or revoke license or require attendance at driver improvement school.

A. The department may suspend or revoke ... upon a showing by the department's records or other sufficient evidence that the licensee:

1. Has committed an offense for which mandatory revocation of license is required upon conviction.

\* \* \* \* \* \*

B. Upon suspending or revoking the license of a person ... the department shall forthwith notify the licensee in writing. Compliance with the mailing provisions of this subsection [1] constitutes notice of the suspension or revocation for the purposes of prosecution under § 28–473 or 28–692.02. *The state is not required to prove actual receipt of the notice or actual knowledge of the suspension or revocation.* Upon the person's request the department shall afford him an opportunity for a hearing as early as practical within not to exceed thirty days after receipt of the request....

(emphasis added).

The facts follow. On 30 July 1981, the defendant, Richard Jennings, was convicted of driving under the influence of intoxicating liquor. A.R.S. § 28–692. Sometime within the next two years, defendant was also convicted of reckless driving. A.R.S. § 28–693(A).

Because defendant was convicted of reckless driving within 36 months of his prior conviction for driving while under the influence of liquor, on 23 June 1983, the Department of Motor Vehicles sent a notice to defendant by certified mail that pursuant to A.R.S. § 28–445, his driver's license had been revoked for one year. Defendant received the notice the next day. Thereafter, defendant requested a hearing on the revocation. He was informed by letter, received 13 July 1983, that he was not entitled to such a hearing.

Defendant claims that between June 1983 and May 1984, he repeatedly telephoned the Department of Motor Vehicles about the status of his license and was told there had been no revocation. He was allegedly advised to send in a ten dollar reinstatement fee, which he did. Further, defendant claims his license was checked through the Tucson Police Department computer, after June 1983, and no evidence of revocation was reported.

On 5 May 1984, defendant was again arrested for drunk driving. He was charged with driving under the influence with a license that is suspended or revoked, a class 5 felony. A.R.S. § 28–692.02.

At defendant's trial, in January 1985, a motion by the state to preclude defendant from introducing evidence of his subjective belief on whether his license had been revoked was granted over defense counsel's objection. A jury eventually convicted defendant of violating § 28–692.02 and he was sentenced to six months in jail and two years probation. The court of appeals affirmed defendant's conviction and sentence and we granted defendant's petition for review.

### NECESSITY OF A HEARING

■ Defendant's license was revoked under A.R.S. § 28–445(6) (mandatory revoca-

---

**1.** It would appear that the court of appeals misquoted this statute by saying that "compliance with § 28–453" constitutes notice when this amendment did not become effective until after the facts in this case. The statute read "this subsection" rather than § 28–453.

tion). This revocation occurred because his conviction for a second time within thirty-six months had become final. Under the mandatory revocation provisions of A.R.S. § 28–445, a hearing is not provided either pre-revocation or post-revocation. Defendant claims that this procedure violates *Bell v. Burson*, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971), in which the United States Supreme Court held that a person could not be deprived of his driver's license without procedural due process as required by the Fourteenth Amendment to the United States Constitution. We do not agree.

The purpose of the hearing mandated by *Bell v. Burson, supra,* is to allow a motorist an opportunity to demonstrate that he is free from fault and, therefore, his license should not be revoked. Such a purpose is already met by A.R.S. § 28–445. Revocation, pursuant to this section, occurs only after a conviction has become final for one of the enumerated offenses. The driver then has already had the opportunity for a full trial before the mandatory provision of A.R.S. § 28–445 applies. As the U.S. Supreme Court stated in *Dixon v. Love:*

> In this case appellee had the opportunity for a full judicial hearing in connection with each of the traffic convictions on which the Secretary's decision was based. Appellee has not challenged the validity of those convictions or the adequacy of his procedural rights at the time they were determined. Since appellee does not dispute the factual basis for the Secretary's decision, he is really asserting the right to appear in person only to argue that the Secretary should show leniency and depart from his own regulations. Such an appearance might make the licensee feel that he has received more personal attention, but it would not serve to protect any substantive rights.

431 U.S. 105 at 113–114, 97 S.Ct. 1723 at 1728, 52 L.Ed.2d 172 (citation and footnote omitted). We, therefore, agree with the court of appeals that "[d]ue process is already afforded violators under § 28–445, within the process of conviction." *State v. Jennings*, 150 Ariz. at 168, 722 P.2d at 336.

Defendant contends, however, that the provisions of § 28–446(B) which allow a hearing before revocation apply to revocations pursuant to A.R.S. § 28–445. Again, we do not agree.

■ These two statutes—one, A.R.S. § 28–445, providing for mandatory revocation based upon a conviction of certain crimes, and the other, A.R.S. § 28–446, providing for discretionary revocation—indicate the legislative intent. If, as provided by § 28–445, revocation is mandatory based upon prior convictions at which time the defendant was given a right to be heard, then another hearing is not needed. Indeed, if allowed, it would add nothing to the proceeding. On the other hand, if the revocation is discretionary as provided in § 28–446, then a hearing can be helpful to both the driver and the department in exercising its statutory grant of discretion. It logically follows and we hold that the right to a hearing provided by A.R.S. § 28–446(B) does not apply to § 28–445.

## NOTICE OF REVOCATION

Defendant's license was revoked pursuant to A.R.S. § 28–445. The state contends the language in § 28–446(B), "[t]he state is not required to prove actual receipt of the notice or actual knowledge of the suspension or revocation", should apply to all revocations or suspensions under either A.R.S. §§ 28–445 or 28–446. The placement of this language only in § 28–446(B) is irrelevant, the state contends. We do not agree.

As noted above, A.R.S. § 28–446 is a discretionary statute which provides for a choice between revocation, suspension or driver training. The placement of subsection B indicates that it applies only to discretionary actions of the Motor Vehicle Department under § 28–446. If the legislature had intended to have this language apply to both §§ 28–445 and 28–446, it could have simply placed it in both sections or in A.R.S. § 28–453 which covers the notice of revocation that must be given under both sections.

94

We conclude that a plain reading of A.R.S. § 28–446 indicates that subsection B applies only to discretionary suspensions or revocations under § 28–446 and not § 28–445. Therefore, in a prosecution of a person whose license was revoked or suspended under A.R.S. § 28–446, there is a presumption that the driver received the notice of revocation by the mailing of the notice. However, a prosecution of a person whose license was mandatorily revoked under A.R.S. § 28–445 requires proof that he knew or should have known his license had been revoked in accordance with *State v. Williams*, 144 Ariz. 487, 698 P.2d 732 (1985). In the instant case, defendant's license was revoked pursuant to the mandatory revocation provision of A.R.S. § 28–445(6). The state, therefore, should have been required to show that defendant knew or should have known his license was revoked. *Williams, supra.*

### IS A.R.S. § 28–692.02 A STRICT LIABILITY OFFENSE?

The court of appeals also held that the provision § 28–446(B) which provided that "the state is not required to prove actual receipt of the notice or actual knowledge of the suspension or revocation" made a violation of § 28–692 a strict liability offense. We do not agree.

Strict liability offenses are the exception rather than the rule and will only be found where there is a clear legislative intent not to require any degree of mens rea. *Spitz v. Municipal Court*, 127 Ariz. 405, 407, 621 P.2d 911, 913 (1980). In the instant case, the legislative intent to make A.R.S. § 28–692.02 a strict liability offense is not clear. Admittedly, A.R.S. § 28–446(B), as amended, does provide that the state does not have to prove either receipt of the notice of suspension or revocation or a person's actual knowledge of it. This is not, however, a strict liability statute. It is merely a presumption statute which provides that if the state shows that a notice of revocation was mailed, it is presumed to have been received and the driver is presumed to have knowledge of the revoca-

tion. The state then no longer has the burden of proof. The driver has the burden and may show that he did not receive the notice.

In the instant case, under A.R.S. § 28–445, the state having shown a revocation of defendant's license, the defendant should have been allowed to show that he did not know his license was revoked. Admittedly, this may be difficult in light of the fact that he did receive the notice of revocation and a new license has not been issued. Nevertheless, he is entitled to try. *State v. Williams*, 144 Ariz. 487, 698 P.2d 732 (1985). The defendant should be afforded a new trial and allowed to present evidence concerning his belief as to the status of his license.

The opinion of the court of appeals is vacated and the matter is remanded to the trial court for a new trial.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.