887 P.2d 588

**STATE of Arizona, Appellee,**

v.

**John Allen AGEE, Appellant.**

**No. 1 CA–CR 93–0354.**

Court of Appeals of Arizona,
Division 1, Department D.

Aug. 2, 1994.

Review Denied Jan. 24, 1995.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., and Rory L. Whipple, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Spencer D. Heffel, Deputy Public Defender, Phoenix, for appellant.

## OPINION

NOYES, Judge.

John Allen Agee appeals from convictions for aggravated driving while under the influence of intoxicating liquor and aggravated driving with a blood alcohol concentration of .10 or more, class five felonies in violation of Ariz.Rev.Stat.Ann. ("A.R.S.") sections 28–697(A)(1), –692(A)(1), –692(A)(2), and –445. The charges were felonies because the driving allegedly took place while Appellant's license to drive was suspended.

Appellant argues that the trial court erred by refusing two jury instructions, one regarding the "knowledge" element of the crime of driving on a suspended license and the other regarding Appellant's theory of the case, which was that he knew his license was suspended but he thought it had been reinstated to allow him to drive to and from work. Because we conclude that the trial court erred by failing to instruct the jury on the "knowledge" element of the crime of driving on a suspended license, we reverse and remand.

## BACKGROUND

At 3:30 a.m. on October 24, 1992, a police officer noticed Appellant driving erratically through a residential neighborhood in Mesa. The officer followed Appellant, and when Appellant eventually pulled over and parked, the officer did likewise. When the officer approached Appellant and asked for a driver's license, Appellant produced an expired temporary license and said that he knew his driver's license was suspended but he thought it had been reinstated on a restricted basis that allowed him to drive to and from work.

Appellant was arrested after he failed the customary sobriety field tests. He agreed to give a blood sample and was taken to a hospital for that purpose. A criminalist testified at trial that the alcohol concentration in Appellant's blood sample was .167. The criminalist also testified that, taking into consideration certain evidence regarding what Appellant ate and drank before driving and

when, his BAC at the time of driving was either .133 or .155.

Appellant's defense centered on a restricted driver's license he had received in the mail on October 20, 1992 from the Department of Motor Vehicles ("DMV"). Pertinent portions of this restricted license are reproduced below, in a style and format approximating that of the original, although we omit Appellant's social security number and residence address:

---

ORDER OF RESTRICTION CASE NO       YRO666

TO: JOHN,ALLEN,AGEE       08/30/54

*** RESTRICTED DRIVER LICENSE ***

| | |
|---|---|
| DRIVER LICENSE NUMBER: XXXXXXXXX | THIS IS YOUR RESTRICTED DRIVER'S LICENSE AND MUST BE CARRIED AT ALL TIMES WHILE OPERATING A |
| IDENTIFICATION LICENSE NUMBER: | VEHICLE. IT IS ONLY VALID TO TRAVEL BETWEEN |
| SOCIAL SECURITY NUMBER: XXXXXXXXX | WORK AND HOME AND DURING SPECIFIED PERIODS OF |
| DATE OF BIRTH: 08/30/54 | TIME ON THE JOB. TO TRAVEL BETWEEN SCHOOL |
| DATE OF NOTICE: 10/19/92 | AND HOME ACCORDING TO YOUR WORK OR SCHOOL |
| DATE ACTION BEGINS: 10/26/92 | SCHEDULE. TO TRAVEL BETWEEN HOME AND A |
| DATE ACTION ENDS: 12/25/92 | TREATMENT FACILITY FOR SCHEDULED APPOINTMENTS. |
| DATE ELIGIBLE TO END ACTION: | |
| STATUTORY AUTHORITY: 28-694 | |

THIS RESTRICTED LICENSE IS VALID FROM THE "DATE ACTION BEGINS" THROUGH THE "DATE ACTION ENDS", UNLESS YOUR DRIVING PRIVILEGE HAS BEEN WITHDRAWN FOR SOME OTHER REASON.

---

Appellant testified that he thought the restricted license allowed him to drive to and from work beginning October 19 and that the October 26 "Date Action Begins" was the effective date of additional restrictions and instructions that DMV would be sending him. Appellant also testified that he was on his way to work when arrested on October 24.

The jury returned guilty verdicts on both counts. The trial court suspended imposition of sentence and placed Appellant on probation for three years, with one condition being a term of six months imprisonment. Appellant filed a timely notice of appeal.

### The "Knowledge" Element

Appellant requested and the trial court refused the following jury instruction:

In order for the State to show that the defendant was driving while his license was suspended, the evidence must show beyond a reasonable doubt that the defendant knew or should have known that the license had been suspended.

As source for the instruction, counsel cited *State v. Williams,* 144 Ariz. 487, 698 P.2d 732 (1985), *State v. Jennings,* 150 Ariz. 90, 722 P.2d 258 (1986), *State v. Johnston,* 152 Ariz. 273, 731 P.2d 638 (App.1987), and *State v.*

*Corrales,* 161 Ariz. 171, 777 P.2d 234 (App. 1989).

Each of these cases is properly cited for the proposition that one element of the crime of driving on a suspended license is that defendant knew or should have known that his license was suspended. What complicates the applicability of this authority is that these cases were decided before A.R.S. section 28–445, the statute at issue in this appeal, was amended by the addition of subsection B, which provides: "Compliance with the mailing provisions of § 28–453 constitutes notice of the revocation for purposes of prosecution under § 28–473 or 28–692.02 [now 28–697]. The state is not required to prove actual receipt of the notice or actual knowledge of the revocation." A.R.S. § 28–445(B) (Supp.1993).

The State argued and the trial court agreed that the amendment to section 28–445 rendered the *Williams* and *Jennings* line of cases inapplicable. Accordingly, the trial court's jury instructions contained no "knowledge" element concerning the crime of driving on a suspended license. On this charge, the jury was merely instructed that the State had to prove that "the defendant's operator's license was suspended."

The State argues that there is no *mens rea* element to the crime of driving on a suspended license and that *State v. Williams* and *State v. Jennings* are "no longer good law." We conclude otherwise. In *Jennings*, the Arizona Supreme Court held that A.R.S. section 28–446(B)[1] did not make A.R.S. section 28–692.02 (now section 28–697) a strict liability crime:

> Strict liability offenses are the exception rather than the rule and will only be found where there is clear legislative intent not to require any degree of mens rea. In the instant case, the legislative intent to make A.R.S. § 28–692.02 a strict liability offense is not clear. Admittedly, A.R.S. § 28–446(B), as amended, does provide that the state does not have to prove either receipt of the notice of suspension or revocation or a person's actual knowledge of it. This is not, however, a strict liability statute. It is merely a presumption statute which provides that if the state shows that a notice of revocation was mailed, it is presumed to have been received and the driver is presumed to have knowledge of the revocation.

150 Ariz. at 94, 722 P.2d at 262 (citations omitted).

▉ Arizona Revised Statute section 28–446 addresses discretionary license revocation and A.R.S. section 28–445 addresses mandatory license revocation. The presumption of knowledge provided by each statute is essentially the same. The amendment does not render the *Jennings* holding inapplicable to A.R.S. section 28–445(B). Sections 28–445(B) and 446(B) do not eliminate *mens rea*, the culpable mental state of "knowingly," from the crime of driving on a suspended license; they create a presumption by which that element can be proved by other evidence. That the State may prove knowledge with evidence that it mailed a license revocation to defendant does not mean that the knowledge element has been abolished. The crime still involves the culpable mental state of "knowingly," and the State must still prove that the defendant knew or should have known that his license was suspended. *State v. Williams*, 144 Ariz. at 489, 698 P.2d at 734. *See also State v. Rivera*, 177 Ariz. 476, 868 P.2d 1059 (App.1994) and *State v. Ekmanis*, 180 Ariz. 429, 885 P.2d 117 (App. 1994), each of which cites *Williams* in support of the proposition that the State has to prove that defendant knew or should have known that his license was suspended.

Appellant was entitled to an instruction on the "knowledge" element of the crime of driving on a suspended license. The requested instruction should have been covered in some fashion by the trial court, and it was not.

▉ Because Appellant told both the arresting officer and the jury that he knew his license was suspended, the failure to instruct on the knowledge element is arguably harmless. In the usual case, the defendant's admission of actual knowledge of license suspension would moot any "presumption" or "knowledge" issues on this point. But this was not the usual case. There were two "knowledge" issues here; one related to the suspension of the license and the other related to the effective date of the restricted license. The trial court error in refusing to instruct on the "knowledge" element is prejudicial here because of the importance of that element to Appellant's claim that, although he knew his license had been suspended, he did not know that the suspension was still in effect on the day of his arrest; he thought his restricted license was in effect by then.

### The "Theory of the Case" Instruction

Appellant requested and the trial court refused the following jury instruction:

> It is the theory of defendant, John Allen Agee, that although he received notice regarding his restricted license he misunderstood this notice. John Allen Agee has testified that he believed the restricted

---

1. At the time *Jennings* was decided, A.R.S. § 28–446(B) (Supp.1986) provided in pertinent part: "Compliance with the mailing provisions of § 28–453 constitutes notice of the suspension or revocation for the purposes of prosecution under § 28–473 or 28–692.02. The state is not required to prove actual receipt of the notice or actual knowledge of the suspension or revocation." This wording remains essentially the same in the current statute.

license began on October 19, 1992, rather than on October 26, 1992.

If you believe John Allen Agee misunderstood the notice he received regarding his restricted license then you may consider this fact in deciding whether the defendant has rebutted the presumption that he received notice of the status of his suspension.

■ A defendant is entitled to an instruction on his theory of the case if that theory is reasonably supported by the evidence. *State v. Lucas,* 146 Ariz. 597, 603, 708 P.2d 81, 87 (1985). We conclude, however, that it was not error to refuse the offered instruction; the instruction is not a correct statement of law regarding Appellant's theory of the case. The instruction muddles the evidentiary presumption-of-fact provided by A.R.S. section 28–445(B) with the mistake-of-fact defense provided by A.R.S. section 13–204.[2] Nevertheless, although it was not error to refuse this improper instruction, the failure to give any instruction on Appellant's theory of the case magnified the error of failing to give any instruction on the "knowledge" element of the crime of driving on a suspended license.

The trial court refused any instructions regarding the critical issue in the case, Appellant's knowledge of the status of his driver's license on the day he was arrested, but the trial court did correctly allow Appellant to present the jury with evidence and argument on that issue. *See Jennings,* 150 Ariz. at 94, 722 P.2d at 262 (defendant should have been allowed to try to show that he did not know his license was revoked). That the trial focused on Appellant's mistake-of-fact defense is evident from the State's last words to the jury in rebuttal argument:

Ladies and gentlemen, you'll get to look at that notice. I don't know how it could be written more clearly. The document says, "This restricted license is valid from," and this is in quotes, "date action begins through," and this is in quotes, "date action ends." Alongside of the notice it says the date the actions begins and the date the actions ends. I don't know how MVD could have made it more clear.

And if Mr. Agee says he doesn't understand, I think you need to take his credibility into account and think about all of the other answers to all of the questions he made that night."

Thus, the case was tried and argued as though the State had to prove that Appellant knew or should have known that his driver's license was suspended on the day of his arrest, but the jury was instructed to the effect that what Appellant knew or didn't know regarding the status of his driver's license was irrelevant. The jury being erroneously instructed concerning the "knowledge" element of the crime of driving on a suspended license, the judgment is reversed and the case is remanded for a new trial.

CLABORNE, P.J., and McGREGOR, J., concur.

---

**2.** A.R.S. § 13–204 (1989) is captioned "Effect of ignorance or mistake upon criminal liability," and provides:

A. Ignorance or a mistaken belief as to a matter of fact does not relieve a person of criminal liability unless:

1. It negates the culpable mental state required for commission of the offense; or

2. It supports a defense of justification as defined in chapter 4 of this title.

B. Ignorance or mistake as to a matter of law does not relieve a person of criminal responsibility.