307 P.3d 1042

**STATE of Arizona, Appellee,**

v.

**Trevor YAZZIE, Appellant.**

**No. 1 CA–CR 12–0517.**

Court of Appeals of Arizona, Division 1, Department C.

Sept. 10, 2013.

Thomas C. Horne, Arizona Attorney General By Joseph T. Maziarz, Chief Counsel Criminal Appeals/Capital Litigation Section Andrew Reilly, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Emily Danies, Tucson, Attorney for Appellant.

**616**

## OPINION

DOWNIE, Judge.

¶ 1 Trevor Yazzie appeals his conviction and sentence for driving on a suspended license. Because the trial court did not instruct the jury regarding the *mens rea* necessary to convict Yazzie of this offense, we vacate Yazzie's conviction and sentence and remand for a new trial.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Yazzie was charged with aggravated driving under the influence ("DUI"), a class 4 felony ("count 1"), and driving on a suspended license, a class 1 misdemeanor ("count 2"). *See* Ariz.Rev.Stat. ("A.R.S.") §§ 28–1383(A)(1) (driving under the influence of intoxicating liquor with a suspended or revoked driver's license), –3473 (driving with a suspended or revoked license). Yazzie failed to appear for trial and was tried *in absentia*. A jury found him guilty of count 2 but acquitted him of count 1. Yazzie was sentenced to ten days' jail time and assessed a $650 fine. He timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12–120.21(A)(1), 13–4031, and –4033(A).

## DISCUSSION

¶ 3 Yazzie's only challenge on appeal relates to the jury instruction given regarding count 2. Specifically, Yazzie contends the court should have instructed the jury that the offense of driving on a suspended license requires proof that he knew or should have known his license was suspended or revoked.

¶ 4 The State proposed a jury instruction for count 1 that stated it must prove, *inter alia*, that Yazzie's driver's license was suspended and that he "knew or should have known" of the suspension at the time of driving. The State's proposed instruction for count 2, though, included no *mens rea*, requiring it to prove only that Yazzie "drove a vehicle in this state" and that his "license or privilege to drive was suspended, revoked, canceled or refused." Defense counsel objected, asking the court to include the *mens*

*rea* from count 1 in the instruction for count 2, stating:

> I think there needs to be some mental state. I know that the agg DUI requires "knew or should have known" language. And I don't see why the Driving While Suspended would be any different. Because to drive on a suspended license, I think they still have to prove that he even knew his license was suspended, or should have known that his license was suspended.

Although the final jury instructions are not in the record on appeal (a practice we strongly discourage), the parties agree that the court gave the State's proposed instructions.

¶ 5 We review *de novo* whether jury instructions correctly state the law. *State v. Gonzales*, 206 Ariz. 469, 471, ¶ 7, 80 P.3d 276, 278 (App.2003). Section 28–3473(A) does not specify a *mens rea* for the misdemeanor offense of driving on a suspended license. It reads:

> [A] person who drives a motor vehicle on a public highway when the person's privilege to drive a motor vehicle is suspended, revoked, canceled or refused or when the person is disqualified from driving is guilty of a class 1 misdemeanor.

¶ 6 Section 13–202(B) addresses culpable mental states for criminal offenses.[1] It provides:

> If a statute defining an offense does not expressly prescribe a culpable mental state that is sufficient for commission of the offense, no culpable mental state is required for the commission of such offense, and the offense is one of strict liability unless the proscribed conduct necessarily involves a culpable mental state.

Notwithstanding this statute (and earlier, similar versions), our supreme court has held that "[s]trict liability offenses are the exception rather than the rule and will only be found where there is a clear legislative intent not to require any degree of mens rea." *State v. Jennings*, 150 Ariz. 90, 94, 722 P.2d 258, 262 (1986); *accord State v. Williams*,

---

1. Section 13–202(B) applies to Title 28 offenses. *See* A.R.S. § 13–102(D) ("Except as otherwise expressly provided, or unless the context otherwise requires, the provisions of this title shall govern the construction of and punishment for any offense defined outside this title.").

144 Ariz. 487, 488, 698 P.2d 732, 733 (1985) ("The requirement that in a criminal case the State demonstrate some degree of wrongful intent is the rule rather than the exception. Strict liability applies only where there is a clear legislative intent that the crime does not require any degree of mens rea.").

¶ 7 As the State notes, the appellate decisions Yazzie relies on arise in the context of aggravated DUI prosecutions, which indisputably require proof that the defendant knew or should have known his license was suspended or revoked.[2] In *Williams,* our supreme court held that notwithstanding the lack of a specified *mens rea* in the aggravated DUI statute, "we believe 'driving without a license' necessarily involves a 'culpable mental state.'" 144 Ariz. at 489, 698 P.2d at 734; *see also Jennings,* 150 Ariz. at 94, 722 P.2d at 262 ("[T]he legislative intent to make [aggravated DUI] a strict liability offense is not clear."). *Williams* discussed the rationale for requiring proof that a defendant knew or should have known of his license suspension/revocation. 144 Ariz. at 489, 698 P.2d at 734. After recognizing that the crime of DUI does not require proof of a culpable mental state, the court stated:

> The suspension of a license is, however, different. A driver needs to know he does not have a license before he can be punished for driving without one even if he is driving while intoxicated, which does not require intent. There are sound policy reasons for this, from problems which could arise from mistaken identity to the possible voiding of automobile accident insurance of one who does not know his driving privileges have been suspended.... Considering the mistakes and errors that can occur in any administrative office the size of the Department of Transportation, the danger of unknown or mistaken suspensions is too great to allow a felony conviction to be based upon suspensions without knowledge.

*Id.*

¶ 8 Relying on the final sentence of the quoted excerpt ("the danger of unknown or mistaken suspensions is too great to allow a felony conviction to be based upon suspensions without knowledge"), the State argues that the holding in *Williams* is limited to aggravated DUI prosecutions and that misdemeanor driving on a suspended license should be treated differently because it "carries a much smaller penalty and does not involve a potential felony conviction." If we were writing on a clean slate, we might agree. *Cf. State v. Slayton,* 214 Ariz. 511, 516, ¶ 20, 154 P.3d 1057, 1062 (App.2007) ("Although strict liability criminal offenses are disfavored, they are appropriate for regulatory offenses that result in no direct or immediate injury to person or property, carry relatively small penalties, and do not seriously damage the reputation of those convicted of them."). But the rationale articulated in *Williams,* even if properly characterized as *dicta,* applies equally to misdemeanor driving on a suspended license. As an intermediate appellate court, our duty is to follow the pronouncements of the Arizona Supreme Court. *McCreary v. Indus. Comm'n,* 172 Ariz. 137, 142, 835 P.2d 469, 474 (App.1992) ("This court is bound to follow the pronouncements of the supreme court."); *see also Cline v. Ticor Title Ins. Co.,* 154 Ariz. 343, 348, 742 P.2d 844, 849 (App.1987) (statements that are arguably *dicta* "nevertheless ... are statements by our supreme court which we believe cannot be ignored").

¶ 9 Based on *Williams,* and absent a clear expression of legislative intent that driving on a suspended license be a strict liability offense, we hold that the State must prove beyond a reasonable doubt that a defendant knew or should have known of his license suspension, revocation, cancellation, or refusal in prosecutions under A.R.S. § 28–3473.

¶ 10 Because the court did not instruct jurors regarding an element of the offense that the State was required to prove

---

2. In opposing Yazzie's motion for new trial, the State argued it was "inadvertent, harmless error at trial to not include the mens rea element" in instructing on count 2. We could treat this as a confession of error and waiver of any argument that the instruction for count 2 was legally correct. We have, however, analyzed the issue on the merits and, for reasons discussed *infra,* disagree with the notion that a harmless error analysis can salvage the conviction.

beyond a reasonable doubt, we reverse Yazzie's conviction and sentence. *See United States v. Gaudin,* 515 U.S. 506, 510, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995) (Fifth and Sixth Amendments "require criminal convictions to rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt"). We decline the State's invitation to affirm on the basis of harmless error.

¶ 11 "Harmless error review places the burden on the state to prove beyond a reasonable doubt that the error did not contribute to or affect the verdict or sentence." *State v. Henderson,* 210 Ariz. 561, 567, ¶ 18, 115 P.3d 601, 607 (2005). The State has not carried its burden here. We have no way of knowing whether the "not guilty" verdict on the aggravated DUI charge resulted from jurors' determination that Yazzie did not know his license was suspended (as they were instructed they must find as to count 1) or whether the verdict was based on other failures of proof as to that charge.[3] *See State v. Dann,* 205 Ariz. 557, 565, ¶ 18, 74 P.3d 231, 239 (2003) (to find harmless error based on erroneous jury instruction, appellate court must find beyond a reasonable doubt that the error did not contribute to the verdict and that the record establishes "every fact necessary to establish every element of the offense beyond a reasonable doubt").

¶ 12 Additionally, although jurors were instructed on the presumptions created by A.R.S. § 28–3318 (presumed notice of a properly mailed license suspension), they were also advised that they were "free to accept or reject" those presumptions. And as the supreme court held in *Jennings,* such statutory presumptions do not convert the offenses to which they apply into strict liability crimes. 150 Ariz. at 94, 722 P.2d at 262; *see also State v. Agee,* 181 Ariz. 58, 61, 887 P.2d 588, 591 (App.1994) ("That the State may prove knowledge with evidence that it mailed a license revocation to defendant does not mean that the knowledge element [in an aggravated DUI prosecution] has been abolished. The crime still involves the culpable mental state of 'knowingly,' and the State must still prove that the defendant knew or should have known that his license was suspended.").

## CONCLUSION

¶ 13 For the reasons stated, we vacate Yazzie's conviction and sentence and remand for a new trial.

CONCURRING: MICHAEL J. BROWN, Presiding Judge and JON W. THOMPSON, Judge.

---

3. At trial, defense counsel extensively cross-examined the investigating officer about three different addresses for Yazzie appearing in the Motor Vehicle Division records; the officer conceded that he did not know which address was correct.