NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

NINA CAMILLE HUGHES, *Appellant.*

No. 1 CA-CR 19-0508
FILED 9-15-2020

Appeal from the Superior Court in Maricopa County
No. CR2017-148288-001
The Honorable Monica S. Garfinkel, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Paul J. McMurdie[1] joined.

---

**W I L L I A M S**, Judge:

¶1        Nina Hughes appeals her convictions and placement on probation for aggravated assault, a Class five felony, and driving while her license was suspended, revoked, canceled or refused, a Class one misdemeanor. Hughes' counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969) advising us there are no meritorious grounds for reversal. Hughes was granted an opportunity to file a supplemental brief *in propria persona* and did not do so. After reviewing the entire record, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2        In October 2017, Mesa police officers initiated a traffic stop of a vehicle driven by Hughes, whose privilege to drive was suspended. The officers informed Hughes they were going to impound the vehicle and issue her a criminal traffic citation. Upset that the vehicle was going to be towed, Hughes refused to sign the citation. When threatened with arrest if she didn't sign, Hughes placed an "X" on the signature line but then "ripped part of the citation." Discussions continued between the parties. Hughes' emotions continued to escalate until she was "irate." Eventually, Hughes indicated she would sign the citation, but as she walked past one of the officers, she spat in his face.

¶3        A jury convicted Hughes of one count of aggravated assault for spitting on the officer and one count of driving while her license was suspended. The superior court placed Hughes on supervised probation for two years for each offense, to run concurrently. Hughes timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

---

[1]        Judge Paul J. McMurdie replaces the Honorable Kenton D. Jones, who was originally assigned to this panel. Judge McMurdie has read the briefs and reviewed the record.

## DISCUSSION

¶4 Our obligation is to review the entire record for reversible error, *Clark*, 196 Ariz. at 537, ¶ 30 (App. 1999), viewing the "evidence in the light most favorable to sustaining the superior court's findings," *State v. Tatlow*, 231 Ariz. 34, 39-40, ¶ 15 (App. 2012).

¶5 A person is guilty of aggravated assault if they commit an assault and the person knew or had reason to know that the person assaulted was a peace officer. A.R.S. § 13-1204(A)(8)(a). An assault is committed when a person knowingly touches another person with the intent to injure, insult, or provoke that person. A.R.S. § 13-1203. A person is guilty of driving on a suspended license if a person's license to drive was suspended, and they knew or should have known their license was suspended at the time of the offense. A.R.S. § 28-3473(A); *State v. Yazzie*, 232 Ariz. 615, 617, ¶ 9 (App. 2013). The record contains sufficient evidence upon which the jury could determine, beyond a reasonable doubt, Hughes was guilty of the charged offenses.

¶6 All proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Hughes was represented by counsel at all stages of the proceedings and was present at all critical stages, including the entire trial and the verdict. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages) (citations omitted); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). At trial, the jury was properly comprised of eight jurors, and the record shows no evidence of jury misconduct. *See* A.R.S. § 21-102(B); Ariz. R. Crim. P. 18.1(a). The superior court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Hughes' presumption of innocence. At sentencing, Hughes was allowed to speak, and the court stated on the record the evidence and materials it considered and the factors it found in imposing the terms of probation. *See* Ariz. R. Crim. P. 26.9, 26.10. Additionally, the terms of probation imposed were within the statutory limits. *See* A.R.S. §§ 13-701 through -709 (as applicable). Our review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error.").

**CONCLUSION**

**¶7** We have reviewed the entire record for reversible error and find none; therefore, we affirm Hughes' convictions and concurrent terms of probation.

**¶8** After this decision's filing, defense counsel's obligations pertaining to Hughes' representation in this appeal will end. Defense counsel need do no more than inform Hughes of this appeal's outcome and her future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the Court's motion, Hughes has 30 days from the date of this decision to proceed, if she wishes, with an *in propria persona* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:   AA