IN THE
# ARIZONA COURT OF APPEALS
### DIVISION ONE

KATHERINE ANN FRANZ, *Petitioner*,

ARTHUR EVAN SCHLEMMER, *Petitioner*,

*v.*

STATE OF ARIZONA, *Respondent*[1]

No. 1 CA-SA 25-0121
1 CA-SA 25-0123 (Consolidated)

FILED 08-05-2025

Special Action from the Superior Court in Maricopa County
Nos. CR2024-128399-001 & CR2024-148158-001

The Honorable Utiki Laing, Judge *Pro Tempore*
&
The Honorable Tracy Nadzieja, Judge *Pro Tempore*

**JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

Koplow Law Firm, Phoenix
By Lawrence S. Koplow
*Co-Counsel for Petitioner Franz*

Law Offices of Rhonda Neff, PLLC, Phoenix
By Rhonda Elaine Neff
*Co-Counsel for Petitioner Franz*

---

[1]     We amend the caption as shown above.

Debus & Kazan, LTD, Phoenix
By Gregory M. Zamora & Lawrence I. Kazan
*Counsel for Petitioner Schlemmer*

Maricopa County Attorney's Office, Phoenix
By Johnny Jacquez, Heather Coe-Smith, Casey Hutchison
Deputy County Attorneys
*Counsel for Respondent*

---

**OPINION**

Judge Paul J. McMurdie delivered the opinion of the Court, in which Presiding Judge Anni Hill Foster and Judge Michael J. Brown joined.

---

**M c M U R D I E**, Judge:

**¶1**        This case involves two consolidated special actions about Arizona Revised Statutes ("A.R.S.") § 28-1383(A)(5), aggravated driving under the influence ("DUI") based on driving the wrong way on a highway.[2] Two superior court judges designated a question for special action review about whether aggravated DUI based on driving the wrong way on a highway requires proof that the defendant knew or should have known he or she was driving on a highway in the wrong direction and, if so, whether the failure to instruct a jury is error under Arizona law. Based on the facts of these consolidated cases, we hold that A.R.S. § 28-1383(A)(5) is a strict liability offense. We accept jurisdiction but deny relief.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**        On an early February morning in 2024, after receiving reports that a car was driving the wrong way on Interstate 10 in Maricopa County, police officers stopped Petitioner Franz. Before the stop, the officers observed Franz traveling west in the eastbound lanes. During the stop, one officer noticed Franz exhibited signs of intoxication. While still on Interstate 10, Franz told the officer she had been drinking and that she did not know

---

2        Under A.R.S. § 28-1171(3), a highway is "every way publicly maintained . . . if any part of the way is generally open to the use of the public for purposes of conventional two-wheel drive vehicular travel."

2

how she ended up on State Route 202. Several hours later, the officer obtained a warrant for a blood draw, which revealed her blood-alcohol concentration was .134.

¶3        A grand jury returned an indictment charging Franz with aggravated DUI for driving under the influence while going the wrong way on a highway. Before the trial, Franz moved to remand the indictment to the grand jury for a new finding of probable cause under Arizona Rule of Criminal Procedure ("Rule") 12.9. Franz argued that A.R.S. § 28-1383(A)(5) required the State to prove that a defendant knew or should have known he or she was driving the wrong way. Franz also requested a jury instruction on the statute's mens rea requirement. The superior court denied both motions, finding that the State did not violate Franz's due process rights in its presentation to the grand jury and that the requested jury instruction was inappropriate because the statute imposes strict liability.

¶4        Later in 2024, on an August evening, Petitioner Schlemmer turned west onto Jefferson Street, an eastbound one-way street in Phoenix. A police officer began following Schlemmer with her lights and siren on. The officer saw another vehicle traveling in the correct direction that had to stop to avoid a head-on collision with Schlemmer. Schlemmer turned onto 22nd Avenue and stopped, where the police officer approached him. While talking with Schlemmer, the officer observed signs of intoxication, and a blood draw taken within an hour of the driving revealed a blood-alcohol concentration of .250.

¶5        A grand jury returned an indictment for Schlemmer under A.R.S. § 28-1383(A)(5). Before the trial, Schlemmer requested a mens rea instruction on A.R.S. § 28-1383(A)(5), arguing the State must prove that he knew or should have known he was driving in the wrong direction. The superior court denied Schlemmer's request, finding "no culpable mental state is required for the aggravated factor of wrong-way driving."

¶6        Franz and Schlemmer both moved the superior court to designate the mens rea question for special action review under Arizona Rules of Procedure for Special Action 13. In both cases, the superior court granted the motion, designating the question for review.

3

**DISCUSSION**

**A.    We Accept Jurisdiction over the Superior Court's Designated Question.**

¶7        Under Arizona Rule of Special Action Procedure 13, a party desiring review of a designated question may petition the appellate court for special action review. We have the discretion to accept jurisdiction on designated questions. *See* Ariz. R.P. Spec. Act. 12(b), (b)(1) (The 12(b) factors "support but do not require accepting jurisdiction."). In deciding whether to accept review of a designated question, we consider if it raises issues of first impression and statewide importance, which make special action jurisdiction appropriate. *See Ariz. Indep. Redistricting Comm'n v. Fields*, 206 Ariz. 130, 135, ¶ 11 (App. 2003); *see also* Ariz. R.P. Spec. Act. 12(b)(3), (4).

¶8        We exercise our discretion and accept jurisdiction on the designated question. *See* Ariz. R.P. Spec. Act. 12(a), 12(b)(1), (3) & (4). We also accept jurisdiction over whether the State violated Franz's right to a fair grand jury presentation, because she has no adequate remedy by appeal if convicted. *Black v. Coker*, 226 Ariz. 335, 338, ¶ 8 (App. 2011) ("A challenge to the denial of a motion for remand generally must be made by special action before trial, and is not reviewable on direct appeal." (quoting *Francis v. Sanders*, 222 Ariz. 423, 426, ¶ 9 (App. 2009))). We exercise our discretion and decline jurisdiction on the other issues raised by the Petitioners.

**B.    Aggravated DUI under A.R.S. § 28-1383(A)(5) (Driving the Wrong Direction on a Highway while under the Influence) Is a Strict Liability Offense.**

¶9        Petitioners argue that A.R.S. § 28-1383(A)(5) requires the State to prove that a driver under the influence of an intoxicant knew or should have known he or she was driving on a highway in the wrong direction. We consider this legal issue *de novo*. *State v. Gomez*, 246 Ariz. 237, 238, ¶ 5 (App. 2019).

¶10        Section 13-202(B) addresses culpable mental states for criminal offenses. It provides:

> If a statute defining an offense does not expressly prescribe a culpable mental state that is sufficient for commission of the offense, no culpable mental state is required for the commission of such offense, and the offense is one of strict liability unless the proscribed conduct necessarily involves a culpable mental state.

Despite the statute, our supreme court has held that "[s]trict liability offenses are the exception rather than the rule and will only be found where there is a clear legislative intent not to require any degree of mens rea." *State v. Yazzie*, 232 Ariz. 615, 616, ¶ 6 (App. 2013) (alteration in original) (quoting *State v. Jennings*, 150 Ariz. 90, 94 (1986)); *State v. Williams*, 144 Ariz. 487, 488 (1985) ("The requirement that in a criminal case the State demonstrate some degree of wrongful intent is the rule rather than the exception. Strict liability applies only where there is a clear legislative intent that the crime does not require any degree of mens rea.").

**¶11** To determine whether a required mental state exists, we begin by examining the statute to determine the "clear legislative intent." *See Yazzie*, 232 Ariz. at 616, ¶ 6. To do so, we look first at the statute's language, then its context and history, and finally at "whether the type of crime is one for which strict liability has been historically imposed." *State v. Slayton*, 214 Ariz. 511, 515-16, ¶ 13 (App. 2007).

**¶12** For the State to prove aggravated DUI under A.R.S. § 28-1383(A)(5), its burden is to establish two elements: (1) driving or in actual physical control of a vehicle in violation of A.R.S. §§ 28-1381, -1382, or -1383; and (2) driving the wrong way on a highway. The first element, driving or being in actual physical control of a vehicle while intoxicated, does not have a mens rea requirement. *State v. Zaragoza*, 221 Ariz. 49, 54, ¶ 20 (2009) ("The defendant's intent is not an element of the strict liability offense of driving while intoxicated."); *State v. Parker*, 136 Ariz. 474, 475 (App. 1983) (The DUI offense "does not require proof of a culpable mental state."). Thus, we turn to the second element, wrong-way driving, to determine whether it encompasses a mens rea requirement.

**¶13** Section 28-1383(P)(2) defines "wrong way" driving to mean "vehicular movement that is in a direction opposing the legal flow of traffic." The legal flow of traffic is determined by the facts of each case and the applicable traffic laws. For example, generally, on all roadways of sufficient width, a motorist must drive "on the right half of the roadway" unless certain exceptions apply. A.R.S. § 28-721(A). So an intoxicated motorist driving on the wrong side of the typical road would be driving "in a direction opposing the legal flow of traffic." A.R.S. § 28-1383(P)(2). But one of the exceptions to driving on the right side of the road is a "roadway designated and signposted for one-way traffic." A.R.S. § 28-721(A)(4).

**¶14** Here, the State alleged that the defendants were driving the wrong way on one-way highways while intoxicated. *See* A.R.S.

5

§ 28-1383(A)(5) (driving the wrong direction while under the influence). So we limit our review to that driving situation.

¶15 The legislature has authorized the creation of one-way and controlled-access highways.[3] *See* A.R.S. §§ 28-728(A) and 48-5312. But to do so, the appropriate authority must "erect appropriate signs giving notice of one-way traffic." A.R.S. § 28-728(A). The motoring public must abide by the designated signage. A.R.S. § 28-728(B) ("On a roadway designated and signposted for one-way traffic, a person *shall* drive a vehicle only in the direction designated." (emphasis added)). If a motorist fails to follow the "designated and signposted" traffic flow, he or she could be ticketed and fined. *See* A.R.S. § 28-694(A) ("A person who drives the wrong way on a controlled access highway commits wrong-way driving."); *see also* A.R.S. § 28-694(D) ("For the purposes of this section, 'wrong way' means vehicular movement that is in a direction opposing the legal flow of traffic."); *accord* A.R.S. § 28-1383(P)(2).

¶16 For driving the wrong way on a one-way or controlled-access highway, the "legal flow of traffic" is dependent on "designated and signposted" directional traffic instructions. And once the appropriate authority has designated and signposted a highway as one-way, a violation of the legal flow of traffic, like other civil traffic violations, carries no mens rea requirement. *See Morissette v. United States*, 342 U.S. 246, 253-55, 262, n.20 (1952) (The United States Supreme Court identified traffic violations as an example of "public welfare offenses" that do not require a mens rea.); *State v. Hamberlin*, 253 Ariz. 470, 476, ¶ 17 (App. 2022) (To determine whether the offenses charged require a particular mental state, courts may consider whether the offense is one that historically imposed strict liability.); *Phoenix City Prosecutor's Off. v. Nyquist*, 243 Ariz. 227, 230, ¶ 9 (App. 2017) (This court refused to find a culpable mental state following the "historical view that the penalty imposed under a statute is a significant consideration" in analyzing whether the statute dispenses with a culpable mental state. (quotation omitted)); *see also Staples v. United States*, 511 U.S. 600, 616 (1994); *Holley v. State*, 871 S.E.2d 13, 20 (Ga. App. 2022) (Traffic offenses may be violated without a mens rea or guilty knowledge.); *State v. Carman*, 872

---

[3] "'Controlled access highway' means a highway, street or roadway to or from which owners or occupants of abutting lands and other persons have no legal right of access except at such points only and in the manner determined by the public authority that has jurisdiction over the highway, street or roadway." A.R.S. § 28-601(2). Typically, this highway is known as a freeway.

N.W.2d 559, 565 (Neb. 2015) (same). Thus neither element of aggravated DUI under A.R.S. § 28-1383(A)(5) (driving under the influence or driving the wrong way) has a mens rea component.

¶17        Both Petitioners and the State acknowledge that no case or statute explicitly rejects a mens rea for A.R.S. § 13-1383(A)(5). Still, caselaw about other DUI aggravators helps determine whether an implicit mens rea requirement applies. The first case to impose an implicit mens rea requirement on a DUI aggravator was *State v. Williams*, in which our supreme court held that to prove "driving without a license" as an aggravator, the State must show that the driver "knew or should have known" their license had been suspended. 144 Ariz. at 489 (referring to the statute under its former code, A.R.S. § 28-692.02). In *State v. Jennings*, the court found an implicit mens rea requirement for DUI with revoked licenses, writing:

> This is not, however, a strict liability statute. It is merely a presumption statute . . . that if the state shows that a notice of revocation was mailed, it is presumed to have been received and the driver is presumed to have knowledge of the revocation. The state then no longer has the burden of proof. The driver has the burden and may show that he did not receive the notice.

150 Ariz. at 94.

¶18        This court applied the same logic in *State v. Nelson*, holding the State must prove the defendant knew or should have known at the time of the offense that he was subject to an ignition-interlock restriction under A.R.S. § 28-1383(A)(4). 251 Ariz. 420, 422, 424, ¶¶ 1, 18 (App. 2021). The court noted that "it may be difficult for defendants . . . to rebut evidence they knew an interlock restriction was in effect at the time of the offense. Nevertheless, they are entitled to try." *Id.* at 424, ¶ 18 (cleaned up).

¶19        But not all A.R.S. § 28-1383 aggravators carry an implicit mens rea requirement. In *State v. Gomez*, we held that aggravated DUI with a passenger under 15 is a strict liability offense, and the State need not prove that the defendant knew or should have known the passenger was under fifteen. 246 Ariz. 237, 238, ¶ 1 (App. 2019). Analogizing this aggravator to the child sex trafficking crimes under A.R.S. § 13-3212(B)(2), we reasoned, "the legislature has been clear elsewhere when it means to require the State to prove the defendant knew the victim was a minor." *Id.* at 240, ¶ 14.

Imposing strict liability for aggravated DUI with a minor under fifteen tracked this legislative scheme.

¶20      Both Petitioners and the State differentiate *Gomez* because *Nelson*, *Jennings*, and *Williams* all required some initial action by the Motor Vehicle Division or the Department of Transportation before the defendants engaged in the intoxicated driving. Petitioners argue this makes wrong-way driving under A.R.S. § 28-1383(A)(5) more like the aggravators in *Nelson* and *Williams* because it "turns on external signs the State must place and keep up." The State counters by explaining that suspending a license and subjecting a defendant to an ignition-interlock device are personalized determinations and that no such determinations can be applied here because a driver can never lawfully drive the wrong way on a properly designated highway. We agree with the State.

¶21      In this case, the plain language of the statute expresses the legislature's clear intent to make wrong-way DUI under A.R.S. § 28-1383(A)(5) a strict liability offense if the motorist is going against the "legal flow of traffic" on a roadway that is "designated and signposted." A.R.S. § 28-728; *Mathews ex rel. Mathews v. Life Care Ctrs. Of Am., Inc.*, 218 Ariz. 606, 608, ¶ 6 (App. 2008) (A statute's plain language is the best indicator of legislative intent.). To prove the wrong-way driving aggravator under the facts presented by these cases, the State must prove that the highway is appropriately marked or signed. A defendant may present evidence and argument that, given how he or she entered or drove on the highway, the markings or signage were inadequate. But such evidence pertains to the legal flow of traffic, not the defendant's mens rea. This is true even if the signage requirement is to give reasonable motorists notice of the legal direction of traffic flow.

## C.    The Superior Court Correctly Denied Petitioners' Request for a Jury Instruction.

¶22      Petitioners Schlemmer and Franz both asked the superior court to instruct the jury that A.R.S. § 28-1383(A)(5) requires a known or should-have-known mental state for wrong-way driving on a one-way highway while intoxicated. As noted above, we disagree that a mens rea requirement exists for the aggravator. But that does not mean a defendant is not entitled to instructions on whether the signage was adequate. "A party is entitled to an instruction on any theory reasonably supported by the evidence. . . . The test is whether the instructions, viewed in their entirety, adequately set forth the law applicable to the case." *State v. Rosas-Hernandez*, 202 Ariz. 212, 220, ¶ 31 (App. 2002) (quotation omitted). If

a proposed instruction correctly states the law, then the defendant is entitled to the instruction so long as he or she develops a theory of the case reasonably supported by the evidence at the trial. *See State v. Shumway*, 137 Ariz. 585, 588 (1983).

**¶23**        Because the proposed mens rea instructions did not correctly state the law for aggravated DUI (driving the wrong way on a one-way highway), the courts correctly rejected them. Crafting a correct instruction based on the evidence and the State's burden to prove that Petitioners' driving was against the legal flow of traffic is left to the court and parties.

**D.     The Court Correctly Denied Franz's Request to Remand Her Case to the Grand Jury.**

**¶24**        Franz argues the trial court erred by refusing to remand her indictment because the State failed to instruct the grand jury about the implied mental state in A.R.S. § 28-1383(A)(5). Schlemmer did not raise such a request on special action, nor did he raise the issue in the trial record before us. We review the denial of a motion to remand to the grand jury for an abuse of discretion. *Willis v. Bernini*, 253 Ariz. 453, 458, ¶ 14 (2022).

**¶25**        Arizona grand juries "shall inquire into every offense which may be tried within the county which is presented to them by the county attorney," A.R.S. § 21-407(A), and they may require the State to produce evidence "when they have reasonable ground to believe that other evidence, which is available, will explain away the contemplated charge," A.R.S § 21-412; *but see Willis*, 253 Ariz. at 459, ¶ 20 (But no such federal corollary exists as Arizona grand juries have a broader statutory duty.). As a result, the State must correctly instruct the grand jury on the applicable law, including justification defenses. *See Trebus v. Davis*, 189 Ariz. 621, 623 (1997) (The prosecutor must "instruct the grand jury on *all* the law applicable to the facts of the case." (emphasis added)), *abrogated on other grounds by, Willis*, 253 Ariz. at 461-62, ¶¶ 27-32. Because A.R.S. § 12-1383(A)(5) is a strict liability crime, the State need not instruct the grand jury on a mens rea element for the statute because none exists.

**¶26**        Under Rule 12.9, a defendant may only challenge a grand jury proceeding when he or she was denied a substantial procedural right or when not enough qualified jurors concurred in the indictment. And while the State need not present all exculpatory evidence, it must provide the grand jury with all "clearly exculpatory" evidence. *State v. Superior Court (Mauro)*, 139 Ariz. 422, 425 (1984). If the State is aware of evidence showing

the appropriate authority did not signpost the one-way highway, then such evidence should be offered to the grand jury. *See Mauro*, 139 Ariz. at 425.

¶27        As for Franz's specific claim, the State informed the grand jury that an officer observed her driving on the wrong side of the interstate after someone called 9-1-1 to report a wrong-way driver on Interstate 10. This testimony was sufficient for the grand jury to find probable cause that Franz was driving the wrong way on a one-way highway. *See State v. Morris*, 246 Ariz. 154, 157, ¶ 9 (App. 2019) (Probable cause requires showing only a substantial chance the alleged criminal activity occurred, and not an actual showing of such activity.); A.R.S. § 21-413.

¶28        Franz identifies no evidence that would have required the State to instruct the grand jury differently in this case. While the State must instruct the jury about all defenses implicated by the evidence, unnecessary instructions to the grand jury are harmless. *See Francis v. Sanders*, 222 Ariz. at 427, ¶ 16 ("[T]he State has no obligation to anticipate every defense, or to present facts and law pertaining to defenses in every case . . . .").

¶29        Franz did request to appear or submit exculpatory evidence, claiming she believed she had been roofied at the bar and wished to testify. She did not request to testify about the inadequate signage on entering the freeway, and no evidence has been offered about where she entered or whether the entrance was inadequately signed. The State informed the grand jury about the request Franz made, and the jurors did not request to hear her testimony on that issue. *Hansen v. Chon-Lopez*, 252 Ariz. 250, 258, ¶ 24 (App. 2021) ("It is for the grand jury, not the state, to decide whether to grant or deny the defendant's request [to present evidence]."). The State fulfilled its duty to inform the grand jury of her request to testify or submit exculpatory evidence. *See Trebus*, 189 Ariz. at 623-24. The State provided a fair and impartial presentation of the law and evidence, and the superior court did not abuse its discretion by denying Franz's motion to remand.

**CONCLUSION**

¶30     We grant review but deny relief.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR